POLEN, J.
 

 Appellant, Alden White, appeals the trial court’s order adjudicating him guilty of second-degree murder (Count I) and attempted second-degree murder (Count II) and sentencing him to consecutive life sentences. Though White has argued the trial court erred in denying his motion for judgment of acquittal, a thorough review of the record reveals that there was no such error. Accordingly, we write only to address the trial court’s erroneous jury instruction under
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), and to reverse and remand for a new trial.
 
 [1]
 

 White was charged with second-degree murder and attempted second-degree murder following a drive-by shooting which occurred on May 26, 2007. At the conclusion of trial, the court instructed the jury on manslaughter as a lesser included offense of second-degree murder as follows: “To prove the crime of manslaughter, the State must prove the following two elements beyond a reasonable doubt. 1. [the victim] is dead. 2. Alden White intentionally caused the death of [the victim].” This was the standard jury instruction on manslaughter at the time of White’s trial as it was at the time of the trial in
 
 Montgomery,
 
 39 So.3d 252, 256-57.
 

 In
 
 Montgomery,
 
 the Florida Supreme Court determined that the contested instruction amounted to fundamental error. 39 So.3d 252, 257-58. There, the defendant was charged with first-degree murder and the jury was instructed on second-degree murder and manslaughter by act as lesser included offenses. 39 So.3d 252, 254-55. The jury convicted Montgomery of second-degree murder.
 
 Id.
 
 The court held that the manslaughter by act jury instruction erroneously suggested that intent to kill was an element of manslaughter:
 

 Although in some cases of manslaughter by act it may be inferred from the facts that the defendant intended to kill the victim, to impose such a requirement on a finding of manslaughter by act would blur the distinction between first-degree murder and manslaughter. Moreover, it would impose a more stringent finding of intent upon manslaughter than upon second-degree murder, which, like manslaughter, does not require proof that the defendant intended to kill the victim. Thus, we conclude that under Florida law, the crime of manslaughter by act does not require proof that the defendant intended to kill the victim.
 

 Id.
 
 at 256.
 

 Finally the court explained that, in Montgomery’s case, the error was fundamental in nature because manslaughter by act was only one step removed from the crime of which Montgomery was convicted, second-degree murder.
 
 Id.
 
 at 258-60. Thus, it was impossible to know whether, had the jury been properly instructed as to manslaughter, it would have found the defendant guilty of the next lesser offense.
 
 Id.
 
 at 259-60 (citing
 
 Pena v. State,
 
 901 So.2d 781, 787 (Fla.2005)).
 

 The present case is not materially distinguishable from
 
 Montgomery.
 
 White was charged with and convicted of second-degree murder. The jury was given the same erroneous manslaughter instruction which was at issue in
 
 Montgomery.
 
 Accordingly, it is impossible to know whether
 
 *923
 
 the jury would have found White guilty of manslaughter had they been properly instructed. We reverse White’s conviction for second-degree murder and remand for a new trial as to that charge only.
 

 Reversed and remanded.
 

 MAY, J., and GATES, MICHAEL L„ Associate Judge, concur.
 

 [1]
 

 . We note that our discussion here is limited to the trial court’s instructions as to Count I, second degree murder, and does not pertain to the jury instructions given for Count II, attempted second degree murder.