HAWKES, C.J.
Howard Sullivan appeals his convictions and sentences for second-degree murder and robbery with a deadly weapon. We affirm the robbery conviction without further discussion, and write only to address Sullivan’s argument that the trial court committed fundamental error when instructing the jury on second-degree murder. Sullivan claims the trial court erred because, when instructing the jury on manslaughter by act, a lesser included offense of second degree-murder, it informed the jury that intent to kill was a required element. Defendant did not object to this instruction at trial. We find Sullivan’s argument persuasive and, there-foi-e, reverse his second-degree murder conviction and sentence.
Pursuant to State v. Montgomery, 39 So.3d 252, 257 (Fla.2010), the relevant intent in the charge of manslaughter by act “is the intent to commit an act which caused death, [not] that the defendant intended to kill the victim.” Montgomery states any instruction that includes intent to kill as an element of manslaughter by act is fundamental error. Id. at 258. A narrow exception exists when the trial court gives the erroneous instruction on manslaughter by act in combination with the instruction on manslaughter by culpable negligence. See Joyner v. State, 41 So.3d 306, 306-07 (Fla. 1st DCA 2010). Fundamental error does not occur in such circumstances because it is possible the jury will base its decision only upon the elements of manslaughter by culpable negligence, which do not require a finding of intent to kill. Id. at 306; see also Riesel v. State, 48 So.3d 885, 886-87 (Fla. 1st DCA 2010); Jackson v. State, 49 So.3d 271, 271-72 (Fla. 1st DCA 2010); Salonko v. State, 42 So.3d 801, 803 (Fla. 1st DCA 2010).
Here, the trial court instructed the jury that manslaughter by act required an intent to kill, and gave no instruction on manslaughter by culpable negligence. Accordingly, under Montgomery, the jury instruction was fundamental error. Therefore, we reverse Sullivan’s conviction for second-degree murder and remand for a new trial on that charge.
AFFIRMED in part; REVERSED in part and REMANDED.
ROBERTS and ROWE, JJ., concur.