GERBER, J.
The defendant appeals from his conviction for second-degree murder with a weapon. He argues that he should receive a new trial because the trial court read to the jury the standard jury instruction on manslaughter by act in effect at that time, which instruction misstated the law on that crime. We agree with the defendant and reverse.
The instruction at issue is former Florida Standard Jury Instruction (Crim.) 7.7 (2007). That instruction provided, in pertinent part:
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
2. a. (Defendant) intentionally caused the death of (victim).
According to the defendant, the instruction misstates the law because it requires a jury to find the defendant “intentionally caused the death” of the victim when the crime of manslaughter by act requires only *1072 an intent to commit an act which causes death. See § 782.07(1), Fla. Stat. (2007) (“The killing of a human being by the act ... of another, without lawful justification ... and in cases in which such killing shall not be excusable homicide or murder ... is manslaughter....”). This misstatement is significant, the defendant argues, because it may mislead a jury into convicting a defendant for the greater offense of second-degree murder if the jury finds that the defendant did not intend to kill the victim.
Our supreme court agreed with this argument in State v. Montgomery, 39 So.3d 252 (Fla.2010). There, the court held that: (1) the crime of manslaughter by act does not require proof that the defendant intended to kill the victim; (2) the standard jury instruction on manslaughter by act erroneously requires a jury to find that a defendant intended to kill the victim in order to convict the defendant of that crime; and (3) the use of the standard jury instruction constitutes fundamental error. Id. at 255-58. Based on those holdings, the court concluded that the use of the standard jury instruction requires a new trial. Id. at 258. Montgomery’s reasoning applies here as well.
The state acknowledges Montgomery, but argues that we should affirm based on our opinion in Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010). We reject that argument because Singh is distinguishable. There, the trial court’s instruction provided the jury with two options for finding the second element of manslaughter by act: (1) that the defendant “intentionally caused the death” of the victim; or (2) that the death “was caused by the culpable negligence” of the defendant. Id. at 851. We found that providing the jury with the second option removed any error because the jury “could have returned a verdict for the lesser-included offense of manslaughter by culpable negligence while still honoring its finding that there was no intent to kill.” Id. (citation omitted). Singh does not apply here because the trial court did not provide the second option to this jury.
The state also argues that, assuming the trial court erred in giving the jury instruction in question, the error was harmless beyond a reasonable doubt because there was “overwhelming evidence” against the defendant. We reject this argument and take this opportunity to remind the state once again that “an ‘overwhelming evidence’ test is not the correct test for determining whether an error was harmless.” Johnson v. State, 53 So.3d 1003, 1006 n. 3 (Fla.2010). Rather, “[t]he question is whether there is a reasonable possibility that the error affected the verdict.” Ventura v. State, 29 So.3d 1086, 1089 (Fla.2010) (citing State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986)) (emphasis omitted). Here, while there may be “overwhelming evidence” of the defendant’s guilt, there is a reasonable possibility that the error affected the verdict. The jury, apparently confused by the instruction, asked the trial court to “[cjlarify the difference between manslaughter and second-degree murder with regard to intent to kill.” The court referred the jury back to the instructions as a whole, which of course included the erroneous instruction.
Based on the foregoing, we reverse the defendant’s conviction for second-degree murder and remand for a new trial. At the new trial, the trial court shall be able to instruct the jury on the supreme court’s current standard instruction on manslaughter by act. The current instruction provides, in pertinent part:
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
*1073 2. a. (Defendant’s) act(s) caused the death of (victim).
[[Image here]]
In order to convict of manslaughter by act, it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act that was not justified or excusable and which caused death.
In re Amendments to Standard Jury Instructions in Criminal Cases—Instruction 7.7, 41 So.3d 853, 854-55 (Fla.2010).

Reversed and remanded for new trial.

HAZOURI and CONNER, JJ„ concur.