LABARGA, J.
 

 This case is before the Court for review of the decision of the Second District Court of Appeal in
 
 Burgos v. State,
 
 82 So.3d 130 (Fla. 2d DCA 2009). The district court certified that its decision is in direct conflict with the decision of the First District Court of Appeal in
 
 Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We previously accepted jurisdiction in
 
 Montgomery
 
 and stayed proceedings in
 
 Burgos
 
 pending disposition of
 
 Montgomery.
 
 In
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), we held that because defendant Montgomery, who was convicted of second-degree murder, was entitled to an accurate jury instruction on the necessarily lesser included offense of manslaughter by act, the use of the then-standard jury instruction on manslaughter by act constituted fundamental reversible error in his case because it erroneously required the jury to find that the defendant intentionally caused the death of the victim. We then affirmed the district court’s reversal of Montgomery’s conviction for second-degree murder. We subsequently issued an order in
 
 Burgos
 
 directing the State to show cause why we should not accept jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in
 
 Montgomery.
 

 Upon review of the parties’ responses and the decision below, we conclude that the district court’s reliance upon
 
 Zeigler v. State,
 
 18 So.3d 1239 (Fla. 2d DCA 2009), is inconsistent with our reasoning in
 
 Montgomery
 
 and our conclusion that the use of the erroneous manslaughter by act instruction constituted fundamental error that required reversal of Montgomery’s conviction for second-degree murder. Accordingly, we accept jurisdiction and grant the petition for review. The decision below is quashed, and this matter is remanded to the Second District Court of Appeal for reconsideration upon application of our decision in
 
 Montgomery.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.