CRENSHAW, Judge.
Torrence Bates appeals his conviction for second-degree murder and his sentence to forty years’ prison, asserting that the jury instruction given for manslaughter by act resulted in fundamental error. We agree, and we reverse Bates’ conviction and sentence and remand for a new trial. *70 We find no merit to Bates’ remaining issue on appeal.
Bates was charged with first-degree felony murder with home invasion robbery as the underlying predicate felony offense. The victim, Jose Godineaux, was shot and killed inside his apartment. At trial, Bates testified in his defense that the victim fired a gun first and that the bullet hit Bates’ gun causing it to discharge. The following instruction on manslaughter as a lesser included offense was provided to the jury:
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. Jose Godineaux is dead.
2. Torrence A. Bates intentionally caused the death of Jose Godineaux.
(Emphasis added.)[1] The jury found Bates guilty of the lesser included offense of second-degree murder.
The supreme court held in State v. Montgomery, 39 So.3d 252 (Fla.2010), that this type of jury instruction for manslaughter erroneously requires the jury to find that the defendant intended to kill the victim:
Although in some cases of manslaughter by act it may be inferred from the facts that the defendant intended to kill the victim, to impose such a requirement on a finding of manslaughter by act would blur the distinction between first-degree murder and manslaughter. Moreover, it would impose a more stringent finding of intent upon manslaughter than upon second-degree murder, which, like manslaughter, does not require proof that the defendant intended to kill the victim. Thus, we conclude that under Florida law, the crime of manslaughter by act does not require proof that the defendant intended to kill the victim.
Id. at 256. Because Bates failed to contemporaneously object to the erroneous instruction, we apply a fundamental error analysis to determine whether the error “ ‘reach[es] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ” Id. at 258 (quoting State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)).
We conclude based on the facts of this case, where evidence was presented at trial to substantiate Bates’ claim that the victim fired first, causing Bates’ gun to discharge, that the erroneous jury instruction amounted to fundamental error.[2] We therefore reverse Bates’ conviction and sentence and remand for a new trial.
Reversed and remanded.
DAVIS and LaROSE, JJ., Concur.

. This instruction on manslaughter by act was modified in December 2008 and eliminates the "intent to cause death" element, replacing it with "an intent to commit an act which caused death.” See In re Standard Jury Instructions in Crim. Cases-Report No. 2007-10, 997 So.2d 403, 403 (Fla.2008).

. We note that the jury was not given an instruction on manslaughter by culpable negligence. See Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010) (concluding the erroneous manslaughter by act instruction did not result in fundamental error where the jury was also instructed on manslaughter by culpable negligence).