PER CURIAM.
Petitioner, Travius Gayle [“Gayle”], seeks a second appeal, alleging ineffective assistance of appellate counsel. An Anders brief was originally filed in 2009, and this court affirmed the judgment and sentence in 2009. See Gayle v. State, 17 So.3d 1240 (Fla. 5th DCA 2009).
Gayle has raised five claims of ineffective assistance of appellate counsel. There is merit in only one. This is another State v. Montgomery, 39 So.3d 252 (Fla.2010) fundamental error problem. The trial court gave the standard jury instruction for manslaughter by act, including the erroneous reference to “intent to kill.” Although the Supreme Court’s opinion in Montgomery had not been issued by the time Gayle’s appeal was final on October 7, 2009, the First District’s Montgomery[1] decision finding fundamental error and certifying conflict with this Court’s decision in Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987) had been published in February 2009. We are bound to find that appellate counsel was ineffective in failing to raise the issue. Lopez v. State, 68 So.3d 332 (Fla. 5th DCA 2011). We accordingly grant the belated appeal, reverse the conviction of second-degree murder and remand for a new trial on that count alone.
REVERSED and REMANDED.
ORFINGER, C.J., GRIFFIN and SAWAYA, JJ., concur.

. Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009).