LABARGA, J.
We have for review Leggett v. State, 34 So.3d 51 (Fla. 3d DCA 2010), in which the Third District Court of Appeal certified conflict with the decision of the First District Court of Appeal in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We previously accepted jurisdiction in Montgomery and stayed proceedings in Leggett pending disposition of Montgomery. The stay of proceedings in this Court was lifted after we issued our decision in State v. Montgomery, 39 So.3d 252 (Fla. 2010). We held in Montgomery that use of the then-standard jury instruction on the necessarily lesser included offense of manslaughter by act constituted fundamental error in Montgomery’s case, in which he was convicted of second-degree murder, because the instruction erroneously required the jury to find that the defendant intentionally caused the death of the victim. We subsequently issued an order to show cause in Leggett directing the State to show cause why we should not accept jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in Montgomery.
Upon review of the parties’ responses and the decision below, we conclude that the district court’s reasoning in Leggett is inconsistent with our reasoning in Montgomery and our conclusion that the use of the erroneous manslaughter by act instruction constituted fundamental error. Accordingly, based on the district court’s certification of conflict with the First District Court of Appeal’s decision in Montgomery in the present case, we accept jurisdiction and grant the petition for review. The decision under review is quashed and this matter is remanded to the Third District Court of Appeal for reconsideration upon application of our decision in Montgomery.[1]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., dissents.

. We do not reach the issue that Leggett presented in his petition for habeas corpus below — that his appellate counsel was ineffective in not raising a fundamental error claim concerning the standard jury instruction. The district court denied relief on other grounds and did not reach that claim. Thus, we also remand that issue for disposition by the district court.