KELLY, Judge.
Robert W. Ireland was charged with attempted first-degree murder and kidnapping with intent to inflict bodily harm or terrorize the victim. A jury found him guilty of the lesser-included offense of attempted second-degree murder and kidnapping. He argues that he is entitled to a new trial on the attempted second-degree murder charge because the trial court improperly instructed the jury on attempted manslaughter, a crime one step removed from attempted second-degree murder. We agree and reverse.
At trial, the court read the standard jury instruction for attempted manslaughter to the jury as follows:
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt:
One, Robert Ireland committed an act which was intended to cause the death of Adrienne Marie Lopez, a/k/a Adrienne Smith, and would have resulted in the death of Adrienne Marie Lopez, a/k/a Adrienne Smith, except that someone prevented Robert Ireland from killing Adrienne Marie Lopez, a/k/a Adrienne Smith or he failed to do so.
However, the Defendant cannot be guilty of an attempted voluntary manslaughter if the attempted killing] was either excusable or justifiable as I have previously explained those terms.
It is not an attempt to commit manslaughter if the Defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
In order to convict of attempted voluntary manslaughter it is not necessary for the State to prove the Defendant had a premeditated intent to cause death.
Ireland did not object to the instruction, but on appeal he argues that it amounts to fundamental error in light of State v. Montgomery, 39 So.3d 252 (Fla.2010). In Montgomery, the Florida Supreme Court determined that a previous version of the standard jury instruction for manslaughter was erroneous because it “required the jury to find that the defendant intended to kill the victim in order to convict Montgomery of manslaughter.” Id. at 257. The court explained that the crime of manslaughter[1] does not require the State to prove that the defendant intended to kill the victim; the statute only requires proof that “one commit an act that results in death.” Id. at 256. The court concluded that the use of the standard jury instruc *212 tion constituted fundamental error and required a new trial. Id. at 258.
This court, relying on Montgomery, has reversed attempted second-degree murder convictions because the jury instructions given for attempted manslaughter erroneously required proof of intent to kill. Houston v. State, 87 So.3d 1 (Fla. 2d DCA 2011); Gonzalez v. State, 40 So.3d 60 (Fla. 2d DCA 2010). As this court recognized in Houston, the Fourth District reached a contrary result in Williams v. State, 40 So.3d 72, 73-75 (Fla. 4th DCA 2010) (holding that the standard attempted manslaughter jury instruction is not fundamentally flawed), review granted, 64 So.3d 1262 (Fla.2011). Houston, 87 So.3d at 4.
Accordingly, we reverse Ireland’s conviction for attempted second-degree murder and certify conflict with Williams. We find no merit to Ireland’s remaining points on appeal.
Reversed.
LaROSE and BLACK, JJ., Concur.

. Section 782.07(1), Florida Statutes (2005), defines manslaughter as follows:
(1) The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.