DAVIS, Judge.
Francis Paul Sicola challenges his conviction and sentence for first-degree murder. He was convicted following a jury trial, and the trial court sentenced him to life imprisonment. We affirm and write only to address Sicola’s argument that the trial court committed fundamental revers *55 ible error by giving a certain jury instruction on manslaughter as a lesser included offense of first-degree murder.
Relying on State v. Montgomery, 39 So.3d 252 (Fla.2010), Sicola maintains that the instruction given amounts to fundamental error because it included the phrase “intentionally caused the death of’ the victim. However, the manslaughter instruction given at Sicola’s trial is distinguishable from the instruction given in Montgomery in that it included the following sentence: “In order to convict of manslaughter by intentional act, it is not necessary for the state to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.” Such instruction reflects an amendment to the standard instruction that was enacted after Montgomery’s trial but prior to the Montgomery opinion issuing.
This court already has held that this “amended instruction cured the defect present in Montgomery.” See Daniels v. State, 72 So.3d 227, 231 (Fla. 2d DCA 2011), review granted, 79 So.3d 744 (Fla. 2012). As such, we find no error in the jury instruction used in the instant case. However, as we did in Daniels, we certify conflict with the First District’s opinion in Riesel v. State, 48 So.3d 885 (Fla. 1st DCA 2010), and its progeny within the First District, which came to the conclusion that the last line of the amended instruction does not cure the Montgomery defect.
Finding no merit in the remainder of the issues raised by Sicola on appeal, we affirm without further comment.
Affirmed; conflict certified.
CASANUEVA and BLACK, JJ„ Concur.