CRENSHAW, Judge.
Agustín Canales appeals his judgment and sentence for attempted second-degree murder with a firearm, among other charges. Canales argues on appeal that the jury instruction for attempted manslaughter by act as a lesser-included offense for attempted second-degree murder was fundamentally erroneous. We affirm Canales’s judgment and sentences and write to explain how this case is distinguishable from others in which the jury instructions for attempted manslaughter by act were held to be fundamentally erroneous.
Recent caselaw has held that the standard jury instruction for attempted manslaughter by act is fundamentally erroneous for improperly adding an intent-to-kill element to the crime of attempted manslaughter by act. For example, in Houston v. State, 87 So.3d 1 (Fla. 2d DCA 2011), this court held that the attempted manslaughter by act jury instruction is 'fundamentally erroneous, relying in part on State v. Montgomery, 39 So.3d 252 (Fla.2010). See also Williams v. State, — So.3d - (Fla.2013) (holding the standard jury instruction for voluntary manslaughter by act to be fundamentally erroneous). Contrary to Canales’s assertion, the present case is distinguishable from Houston.
In Houston, the jury instruction that was used was Florida Standard Jury Instruction (Criminal) 6.6,[1] which reads, in pertinent part, as follows:
To prove the crime of attempted voluntary manslaughter, the state must prove the following element[s] beyond a reasonable doubt: John Miguel Houston committed an act which was intended to cause the death of Frederick Powell and it would have resulted in the death of Frederick Powell except that someone prevented John Miguel Houston from killing Frederick Powell or he failed to do so.
*1183 ... In order to convict of attempted voluntary manslaughter, it is not necessary for the state to prove that the defendant had a premeditated intent to cause death.
Houston, 87 So.3d at 2.
However, the jury instruction in this case was modified to delete the intent element. It reads:
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt: The defendant committed an act which would have resulted in the death of Yoelda Rogel Estrada, except that someone prevented the defendant from killing Yoelda Rogel Estrada or he failed to do so.
[[Image here]]
In order to convict of attempted voluntary manslaughter, it is not necessary for the State to prove that the defendant had an intent to cause death.
(Emphasis added.)
Whereas the instruction described in Houston included the term “which was intended to cause ... death” and stated that it is not necessary for the State to prove “premeditated intent to cause death,” the instruction in this case was amended to only read “which would have resulted in ... death” and that the State need not prove an “intent to cause death.” We hold that these modifications cured the deficiency in Houston; accordingly, we affirm the judgment and sentences.
Affirmed.
SILBERMAN, C.J., and ALTENBERND, J., Concur.

. We note that Standard Jury Instruction (Criminal) 6.6 is under review by the Supreme Court Standard Jury Instructions Committee (Criminal).