COHEN, J.
Todd Moore appeals from the judgment and sentence entered after a jury found him guilty of attempted second-degree murder with a firearm and conspiracy to tamper with a witness. We affirm in part and reverse in part.
Moore raises three issues on appeal, only one of which merits discussion. The State properly concedes the jury instruction on the lesser-included offense of attempted voluntary manslaughter constituted fundamental error. See State v. Montgomery, 39 So.3d 252 (Fla.2010); see also Williams v. State, —So.3d -, 2013 WL 535449, 38 Fla. L. Weekly S99 (Fla. Feb. 14, 2013). The instruction provided that the State must prove the defendant committed an act which was intended to cause the death of the victim — essentially the same instruction held to be improper in Montgomery.[1] The current instruction — approved by the supreme court after Moore’s trial took place — provides that the State must prove the defendant had an intent to commit an act which would have caused the victim’s death. In re Std. Jury Instrs. in Crim. Cases—Instr. 6.6, — So.3d-, 2013 WL 2349589, 38 Fla. L. Weekly D355 (Fla. May 30, 2013).[2]
The remaining issues were either not preserved for appeal or are without merit. Accordingly, we affirm Moore’s conviction for conspiracy to tamper with a witness. We reverse his conviction for attempted *283 second-degree murder with a firearm and remand for a new trial.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
LAWSON and EVANDER, JJ., concur.

. This case was tried more than two years after Montgomery was decided. While the trial judge is responsible for ensuring the jury is properly instructed, we note that the jury instructions were prepared by the assistant state attorney handling the trial.

. The jury instruction on attempted voluntary manslaughter further provides that the defendant cannot be guilty of the crime if the attempted killing was justifiable or excusable. The jury instruction used below, however, failed to include definitions of either "justifiable” or "excusable.”