IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WARREN R. JOHNSON,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1682

Opinion filed September 10, 2014.

Petition for Habeas Corpus for Belated Appeal -- Original Jurisdiction.

Warren R. Johnson, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Respondent.

PER CURIAM.

Pro se petitioner Warren Johnson files a petition alleging that his appellate counsel was ineffective in First District Court of Appeal case number 1D05-5612. That case was Mr. Johnson's direct criminal appeal, wherein this court affirmed his judgment and sentence for second-degree murder and possession of a firearm during the commission of a felony. Mandate issued in that case on July 17, 2007.

In support of this untimely petition,[1] Mr. Johnson attaches an appendix containing a copy of an earlier petition alleging ineffective assistance of appellate counsel, which bears an institutional date stamp showing that the petition was provided to institutional officials for mailing on March 11, 2009. He avers, under oath, that he initially mailed the petition in 2009, but that this court appears not to have received it. Mr. Johnson argues that although the 2009 petition was never received by this court, because it was timely submitted for mailing, the court should find that he timely invoked the court's jurisdiction.

A review of the petition purportedly filed in 2009 showed that it contained citations to cases decided as recently as 2013, including, *inter alia*, Robards v. State, 112 So. 3d 1256 (Fla. 2013), Peterson v. State, 94 So. 3d 514 (Fla. 2012), and State v. Montgomery, 39 So. 3d 252 (Fla. 2010). Accordingly, this court ordered the petitioner to show cause why he should not be subjected to sanctions for his apparent attempt to commit fraud on this court. In Mr. Johnson's response, which was also filed under oath, he places the blame on the inmate law clerk he claims prepared his petition, arguing that "[a]ny sanctions should not be contemplated in the pending cause where it's no fault of petitioner, where the prison legal assistance has made an unintentional scriveners [sic] error in preparing petitioner's legal documents . . . ." We fail to see

---

[1] "In no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review." Fla. R. App. P. 9.141(d)(5).

how an "unintentional scrivener's error" could result in a petition allegedly filed in 2009 containing citations to cases decided four years later. Petitioner goes on to argue that Florida Rule of Appellate Procedure 9.410, governing sanctions, should only be used "where the rules and procedures of the appellate court is [sic] repeatedly abused or submission of motions submitted was [sic] frivolous . . . . [i]n the instant case, the petitioner has not repeatedly abused or filed frivolous motion[s] with the intention to mislead this Honorable Court, whereas, the Petitioner already has an extensive sentence of (50) years that he plead[s] to this Honorable Court to reverse" (emphasis in original). Thus, petitioner appears to suggest that sanctions are inappropriate where a party has "only" committed a single abuse of process. We disagree; in situations where, as here, the abuse of court process is egregious, a single incident may indeed warrant the imposition of sanctions under Rule 9.410.

The petitioner concludes by alleging, under oath, that the questionable citations in the 2009 petition came from pages that were unintentionally mixed into the copy of the original petition from a later petition by a prison law clerk who

> . . . anticipated that this court would allow the petitioner to refile his new petition as timely, therefore, the prison legal assistant sought to prepare an amended Petition for Habeas Corpus with new precedent law that had arose [sic] since petitioner submitted his prior petition for habeas corpus that was date stamped March 11, 2009, that was lost by prison officials . . . . The pages 13, 22, 23, obtained in the original petition that obtain cases subsequent to the "Prison Date Stamp" [are] pages from the amended petition that got misplaced and added to the original petition during the copying process . . . . Wherefore, the Petitioner alleges that due to negligence on the behalf of preparing his legal documents, and his own

ignorance to law and appellate procedures, these cases were mistakenly placed with the original petition date stamped March 11, 2009.

We do not find this version of events remotely convincing. The petition purportedly filed in 2009 bears consecutive page numbers. None of the pages appear to be out of order. Pages are not missing and there are no extra pages. Sentences continuing between pages are complete and fit together.

This petition is dismissed as untimely filed. See Fla. R. App. P. 9.141(d)(5). A certified copy of this opinion shall be provided to the Florida Department of Corrections to be forwarded to the appropriate institution or facility for disciplinary procedures pursuant to the rules of the Department as provided in section 944.279, Florida Statutes (2013). The petitioner is warned that future filings deemed by this court to be frivolous or malicious may result in further sanctions, including but not limited to a prohibition on any further *pro se* appearances before this court. See Fla. R. App. P. 9.410.

LEWIS, C.J., BENTON and MARSTILLER, JJ., CONCUR.