[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15650
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21137-UU

HUGO MARTINEZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 10, 2018)

Before MARTIN, JILL PRYOR, and EDMONDSON, Circuit Judges.


PER CURIAM:


Hugo Martinez, a Florida prisoner convicted of second-degree murder, appeals the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Martinez contends that he received ineffective assistance of counsel during his direct criminal appeal because his appellate lawyer failed to argue that the trial court committed a fundamental error in its instructing the jury about the lesser-included offense of manslaughter: the trial court included as an offense element the need to show intent. No reversible error has been shown; we affirm.

The State of Florida charged Martinez with first-degree murder of Louis Vasquez. Martinez proceeded to trial in October 2007. At trial, the state asserted that Martinez shot Vasquez in connection with a botched drug deal. Martinez's chief defense was that he had been misidentified as the shooter. During his trial testimony, Martinez denied expressly shooting Vasquez and named another person as the gunman.

The trial court instructed the jury on the lesser-included offenses of second-degree murder and of manslaughter-by-act. About second-degree murder, the jury

2

was instructed that "it is not necessary for the State to prove the defendant had an intent to cause death."  About manslaughter, the court instructed the jury -- consistent with Florida's then-standard 2006 jury instructions -- that the State had to prove beyond a reasonable doubt that (1) Vasquez is dead and (2) Martinez "intentionally caused the death of Louis Vasquez."  Martinez raised no objection to the jury instructions.  The jury found Martinez guilty of second-degree murder of Vasquez, for which Martinez was sentenced to life imprisonment.

Martinez appealed to the Florida Third District Court of Appeal ("Third District").  On 2 May 2009, Martinez filed his initial brief in which he raised seven grounds for appeal; Martinez raised no challenge to the jury instructions.  On 31 March 2010, the Third District issued a per curiam affirmance without discussion.  Martinez v. State, 31 So. 3d 186 (Fla. Dist. Ct. App. 2010).  The mandate issued on 16 April 2010.

Martinez filed a state petition for a writ of habeas corpus on 4 March 2011.  In pertinent part, Martinez argued that his appellate counsel had rendered ineffective assistance by failing to argue that the trial court's manslaughter jury instruction constituted fundamental error.  Martinez noted that -- before his direct-appeal lawyer filed the initial brief on appeal -- the First District Court of Appeals ("First District") issued its decision in Montgomery v. State, 70 So. 3d 603 (Fla. Dist. Ct. App. 2009) ("Montgomery I").  In Montgomery I, a state-district appeals

3

court concluded that Florida's 2006 standard jury instruction added improperly an intent element to the crime of manslaughter and that the addition constituted fundamental error. Also, while Martinez's direct appeal was pending, the Florida Supreme Court certified a conflict between the state district courts of appeal involving the manslaughter-by-act jury instruction.

Then, on 8 April 2010 -- eight days before the mandate issued in Martinez's direct appeal -- the Florida Supreme Court issued its decision in State v. Montgomery, 39 So. 3d 252 (Fla. 2010) ("Montgomery II"), concluding in that case that the giving of Florida's 2006 standard jury instruction on manslaughter constituted fundamental error. Martinez contended that his appellate counsel, however, did nothing to challenge the jury instruction based on Montgomery II.

The Third District denied Martinez's habeas petition without discussion. On 2 October 2012, Martinez filed a second state-court habeas petition, which was again denied without discussion.

In 2014, Martinez filed pro se his section 2254 petition at issue in this appeal. The magistrate judge recommended that Martinez's section 2254 petition be denied. In particular, the magistrate judge determined that Martinez's direct-appeal lawyer could have determined reasonably that Martinez's misidentification defense prevented the manslaughter jury instruction from constituting fundamental

error in his case.  Over Martinez's objections, the district court denied Martinez's section 2254 petition.

We granted Martinez a certificate of appealability on this issue:

Whether the state court unreasonably applied Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), when it denied Martinez's claim that his appellate counsel rendered ineffective assistance by failing to argue on appeal that, in light of State v. Montgomery, 39 So. 3d 252 (Fla. 2010), the manslaughter-by-act jury instruction given at Martinez's trial was fundamental error.

We review de novo the district court's denial of a section 2254 habeas petition.  Rambaran v. Sec'y, Dep't of Corr., 821 F.3d 1325, 1330 (11th Cir. 2016).  We review questions of law and mixed questions of law and fact de novo and review factual findings for clear error.  Id.

A federal court may grant habeas relief on claims adjudicated previously on the merits in state court only if the state court's adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Where -- as in this case -- a state court denies summarily a habeas petition without discussion, we presume the denial is an adjudication on the merits entitled to deference under section 2254.  See Wilson v. Warden, Ga. Diagnostic Prison, 834

5

F.3d 1227, 1235 (11th Cir. 2016) (en banc).  The petitioner bears the burden of showing that no reasonable basis exists for denying relief.  Id.

To prevail on a claim of ineffective assistance of appellate counsel, a section 2254 petitioner must show that (1) his appellate lawyer's performance "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Brooks v. Comm'r, 719 F.3d 1292, 1300 (11th Cir. 2013) (citing Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984)).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 104 S. Ct. at 2065.

When the deferential standard for judging appellate counsel's performance is "combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Evans v. Sec'y, Fla. Dep't of Corr., 699 F.3d 1249, 1268 (11th Cir. 2012) (quotations omitted). "Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."  Id.

Applying the deferential standards under section 2254 and Strickland, we must determine whether the state habeas court acted "contrary to" clearly

6

established law when it rejected Martinez's argument that his appellate lawyer's failure -- given the circumstances -- to challenge the issuance of the 2006 manslaughter jury instruction constituted ineffective assistance.

We addressed a similar question in Rambaran v Sec'y, Dep't of Corr., 821 F.3d 1325, 1333 (11th Cir. 2016), and concluded that appellate counsel was not ineffective for failing to raise a challenge to the 2006 standard manslaughter jury instruction. The facts in Rambaran are similar to those presented in this appeal: (1) Rambaran was found guilty of second-degree murder after the trial court issued the then-standard 2006 jury instruction on manslaughter; (2) before Rambaran filed his initial brief on direct appeal, the First District invalidated the 2006 jury instruction in Montgomery I, and the Florida Supreme Court accepted jurisdiction to review Montgomery I; (3) Rambaran's lawyer raised no challenge to the manslaughter jury instructions on direct appeal; (4) the Florida Supreme Court decided Montgomery II after Rambaran's convictions were affirmed, but before the mandate issued; (5) Rambaran's lawyer filed no supplemental brief and filed no motion to recall the mandate in the light of Montgomery II.

In Rambaran, we reversed the district court's grant of relief under section 2254. We concluded that, when Rambaran's lawyer filed the initial and reply briefs on direct appeal, "the law was at best unsettled." Rambaran, 821 F.3d at 1334. And "reasonably effective representation cannot and does not include a

[r]equirement to make arguments based on predictions of how the law may develop." Id. We also concluded that counsel's failure to file a motion to recall the mandate in the light of Montgomery II was not deficient because appellate counsel could have concluded reasonably that Rambaran's case was distinguishable from Montgomery II. Id. In particular, the jury in Rambaran's case had also been instructed on manslaughter-by-culpable-negligence: an instruction not given in Montgomery II. Id. Because the law was unsettled and because no holding of the Supreme Court clearly established that appellate counsel performed ineffectively by failing to anticipate a later change in the law, we concluded that the state habeas court acted reasonably in denying Rambaran habeas relief.

We see no meaningful distinction between the important circumstances of this case and the circumstances in Rambaran. Because the law was unsettled at the operative times in Martinez's case -- as it was in Rambaran -- we conclude that the state habeas court's ruling denying Martinez habeas relief was not contrary to, or an unreasonable application of, clearly-established federal law.

That Martinez's case involved no manslaughter-by-culpable-negligence instruction does not make Rambaran's guidance inapplicable here. The lawyer in Rambaran could have believed reasonably that his case was significantly different from Montgomery II and that a Montgomery II challenge was unavailable based on

8

the issuance of the manslaughter-by-culpable-negligence instruction.  We are persuaded that Martinez's lawyer would have had reasonable grounds to believe that Martinez's case was significantly different from Montgomery II and to believe that a Montgomery II challenge was unavailable, given Martinez's I-didn't-do-it misidentification defense.

Under then-existing Florida law, an erroneous jury instruction constituted fundamental error only when the error "is pertinent or material to what the jury must consider in order to convict."  State v. Delva, 575 So. 2d 643, 645 (Fla. 1991).  A dispute must exist in the record on the point to be covered by the challenged instructions. Moreover, the Florida Supreme Court had concluded, for elements of an offense, that "a dispute does not arise when mistaken identity is the sole defense and the facts of the crime are conceded by the defendant."  Battle v. State, 911 So. 2d 85, 89 (Fla. 2005) (concluding that a failure to instruct the jury on an essential element of the offense constituted no fundamental error when that element was not in dispute because the defendant only raised a defense of mistaken identity).  In the light of the then-existing Florida law and the United States Supreme Court's decisions, we cannot say that Martinez's appellate lawyer performed outside the "wide range of reasonable professional assistance" in failing to challenge the jury instruction based on Montgomery II.

The district court committed no error by determining that the state court applied reasonably the <u>Strickland</u> standard in determining that Martinez's appellate counsel was not ineffective for failing to raise a <u>Montgomery II</u> argument on direct appeal.

AFFIRMED.