# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1409

_____

RAYNARD FORD,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Leon County.
Stewart E. Parsons, Judge.

May 8, 2024

LONG, J.

Raynard Ford appeals his conviction and life sentence on one count of second-degree murder. He advances three arguments for reversal. We write only to address one of them. He argues that the trial court improperly denied his motion for judgment of acquittal because the State did not set out a prima facie case of guilt as to the second-degree murder charge. The other arguments concern jurisdiction and evidentiary matters, which we have carefully considered and reject without further discussion.

At trial, it was established that Davonn Brewton and Ford both had children with Jessica Ammons. She gave birth to her first child with Ford. Ammons and Ford ended their relationship. Soon after, Ammons became pregnant and gave birth to Brewton's child. Ammons broke off her relationship with Brewton and

resumed her previous relationship with Ford and became pregnant with Ford's second child.

Animosity between Ford and Brewton grew. There was testimony about verbal altercations, fistfights, and death threats leading up to the final incident. All of it came to a head one night when Brewton and a friend walked through Leon Arms Apartments, where Ford and Ammons lived. They passed by Ford and Ammons' shared apartment. Ford saw them as they passed. Although witnesses to the incident offered different versions of what happened next, certain facts remain consistent in each account.

The State established that Ford approached Brewton and initiated a verbal altercation. Brewton indicated that he did not want to participate. Ford was armed, Brewton was not. Ford pulled out his firearm. In response, Brewton reached for the gun and the men ended up in a physical altercation. Moments later, Brewton was dead with a gunshot wound to the back of the head. Instead of seeking help after the shooting, Ford ran into an apartment close to the scene. He disposed of the firearm and removed his bloody clothes. When talking to police, he changed his story numerous times. He now argues that this was not enough to establish second-degree murder, because the State did not prove he acted with a depraved mind regardless of human life, an essential element of the charge.

The supreme court has explained that an act can evince a depraved mind when (1) a person of ordinary judgment would know that it is reasonably certain to kill or cause serious bodily injury, (2) it is done from ill will, hatred, spite, or an evil intent, and (3) it is of such a nature that the act itself indicates an indifference to human life. *State v. Montgomery*, 39 So. 3d 252, 255–56 (Fla. 2010); *see also Peoples v. State*, 251 So. 3d 291, 302 (Fla. 1st DCA 2018) (noting that a depraved mind regardless of human life may be established by competent, substantial evidence that the defendant acted with ill will, hatred, spite, or an evil intent).

The State met this burden. This was not merely an impulsive overreaction or a misjudgment on Ford's part—he intentionally pulled out a gun during an altercation that he initiated with

2

someone that he had animosity towards. And in the ensuing fight, Brewton was killed by a gunshot to the back of the head. A reasonable jury could have found that the evidence established beyond a reasonable doubt that Ford shot Brewton with ill will, malice, hatred, spite, or evil intent. The trial court therefore did not err in denying Ford's motion for judgment of acquittal.

AFFIRMED.

ROWE and NORDBY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and David A. Henson, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

3