CLARK, J.
 

 Quentin Lamar Joyner challenges his conviction for second-degree murder as charged. Appellant argues that the trial court’s use of the standard jury instruction for the lesser included offense of manslaughter by act constituted fundamental error and requires reversal of his conviction of the charged offense. He relies on
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla. 2010),
 
 approving Montgomery v. State,
 
 — So.3d-(Fla. 1st DCA 2009).
 

 This case is distinguishable from
 
 State v. Moritgomery
 
 because Joyner was convicted as charged, rather than for one of the lesser included offenses.
 

 In addition, the jury instructions given in this case included an instruction on manslaughter by culpable negligence. As was the case in
 
 Salonko v. State,
 
 — So.3d - (Fla. 1st DCA 2010), the instruction on manslaughter by culpable negligence gave the jury to option of finding the appellant guilty of a lesser included offense which did not require an intent to kill. Accordingly, the erroneous manslaughter instruction here “did not inter
 
 *307
 
 fere with the jury’s deliberative process in a way that tainted the underlying fairness of the entire proceeding” and was thus not fundamental error.
 
 Salonko v. State,
 
 42 So.3d 801, 803.
 

 The fundamental error doctrine is to be applied “only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.”
 
 Nesbitt v. State,
 
 889 So.2d 801, 803 (Fla. 2004):
 
 Martinez v. State,
 
 981 So.2d 449, 455 (Fla.2008). To determine whether an instruction error “vitiated the ‘validity of the trial,’ courts conduct a totality of the circumstances analysis.”
 
 Croom v. State,
 
 36 So.3d 707, 709 (Fla. 1st DCA 2010) (quoting
 
 Garzon v. State,
 
 980 So.2d 1038, 1043 (Fla.2008)). Appellate courts are constrained to exercise their discretion concerning fundamental error “very guardedly” and “only in rare cases.”
 
 Fike v. State,
 
 4 So.3d 734, 739 (Fla. 5th DCA 2009).
 

 Finally, this case can be distinguished from
 
 Montgomery
 
 because the defense not only failed to object to the standard jury instruction on manslaughter, he specifically agreed to that instruction at the charging conference and incorporated the instruction into his closing argument to the jury. This court’s recent opinion in
 
 Calloway v. State,
 
 37 So.3d 891 (Fla. 1st DCA 2010) recognized that where defense counsel agrees to a standard jury instruction and then challenges the conviction based upon fundamental error in that instruction, reversal would have the unintended consequence of encouraging defense counsel to “stand mute and, if necessary, agree to an erroneous instruction” or sacrifice his client’s opportunity for a second trial. Encouraging counsel to invite such error subverts the trial process and is counter to the interests of justice.
 

 Because this case is distinguishable from
 
 Montgomery,
 
 and because the totality of the circumstances does not establish the rare situation where the erroneous standard instruction vitiated the validity of the entire trial proceedings on the charge of second degree murder, the conviction is AFFIRMED.
 

 HAWKES, C.J., and VAN NORTWICK, J., Concur.