PER CURIAM.
Appellant challenges his conviction for second-degree murder on several grounds, only one of which merits discussion. Appellant contends that the jury instruction for the lesser-included offense of manslaughter by act was fundamentally flawed, requiring a new trial. We agree and reverse.
Appellant was charged and tried for second-degree murder. In addition to instructing the jury on the second-degree murder charge, the trial judge also instructed the jury, without objection, using the then-standard instruction for manslaughter by act, a category one lesser-included offense of the murder charge. Subsequent to the trial, our supreme court held that the use of this instruction constitutes fundamental error. State v. Montgomery, 39 So.3d 252 (Fla.2010). Although the State concedes that a new trial is required if Montgomery is applicable, it attempts to distinguish it based on Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), which distinguished Montgomery on two grounds, neither of which are applicable here. Here, the jury was not instructed on manslaughter by culpable negligence because defense counsel did not believe that the facts supported the instruction. Nor did counsel invite the error here in the manner identified by the court in Joyner. Accordingly, Montgomery compels a new trial.
REVERSED AND REMANDED.
PALMER, TORPY and COHEN, JJ., concur.