PALMER, J.
De’Javar Cashe Davis (defendant) appeals his judgments and sentences for second-degree murder and burglary of a dwelling. Determining that the trial court fundamentally erred by incorrectly instructing the jury on the lesser included offense of manslaughter by act, we reverse the defendant’s conviction for second-degree murder and remand for a new trial thereon.
In December 2008, the standard jury instruction for the crime of manslaughter by act was amended and approved by the Florida Supreme Court. In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10, 997 So.2d 403 (Fla.2008). Notably, the Court amended the manslaughter by act instruction to read as follows:
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death. See Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007).
Id. (emphasis added). It is undisputed that the trial court failed to issue this amended manslaughter instruction during the defendant’s trial and, instead, the court issued the following instruction:
In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
No objection was raised to the issuance of the improper instruction.
The defendant argues that the trial court’s improper jury instruction constitutes fundamental error. To support this claim, the defendant relies upon State v. Montgomery, 39 So.3d 252 (Fla.2010), wherein the Florida Supreme Court held that the trial court’s erroneous instruction on the crime of manslaughter by act constituted fundamental error:
[Bjecause Montgomery’s conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, under Pena [v. State, 901 So.2d 781, 787 (Fla. 2005) ], fundamental error occurred in this case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill Ellis.
The Court reversed Montgomery’s judgment and sentence, and remanded the matter for a new trial on the second-degree murder charge.
The State argues that the facts in Montgomery are distinguishable from those in the present case because here the defendant was convicted as charged rather than on a lesser included offense, and because the defendant agreed to the manslaughter instruction as given. The State cites to *130 Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), in which the First District held that Montgomery was distinguishable, and thus not legally controlling, because Joyner was convicted as charged, Joyner’s attorney invited the error by specifically agreeing to and incorporating the manslaughter instruction into his closing argument, and the trial court instructed the jury on manslaughter by culpable negligence which provided the jury with the option of finding the defendant guilty of a lesser included offense that did not require proof of an intent to kill. We conclude that the State’s reliance on Joyner is misplaced. The culpable negligence instruction distinction is not applicable in the present case because the trial court did not instruct the jury on manslaughter by culpable negligence. And, in a similar appeal regarding the issuance of an erroneous manslaughter by act instruction, our court rejected the two other distinguishing factors relied upon by the court in Joyner.
In Kenner v. State, 48 So.3d 117 (Fla. 5th DCA 2010), the trial court improperly instructed the jury on manslaughter by act. Defense counsel did not specifically agree to the instruction or rely on it in closing arguments. Kenner was convicted as charged of second-degree murder. Our court found Joyner distinguishable because the trial court did not provide a culpable negligence manslaughter instruction and defense counsel did not invite error. Our court reversed Kenner’s judgment and sentence, and remanded the matter for a new trial.
We find no merit in the other claims of error raised by defendant in this appeal.
Accordingly, we affirm the defendant’s judgment and sentence for burglary of a dwelling, but reverse and remand for a new trial on the second-degree murder charge.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and SAWAYA, JJ., concur.