EMAS, J.
Emmanuel Ware was charged with attempted first-degree murder of Dion Ak-eem Maycock. Following a jury trial, he was convicted of attempted second degree murder. Ware appeals his conviction, contending that the trial court committed fundamental error in instructing the jury on the crime of attempted voluntary manslaughter. We affirm.
On appeal, Ware does not contend that the trial court’s wording of the jury instruction was erroneous.[1] Rather, Ware contends that attempted voluntary manslaughter is a non-existent crime, and that the trial court committed error in giving any instruction at all. Ware argues that, because the jury ultimately convicted him of attempted second-degree murder — an offense one step removed from attempted voluntary manslaughter — this unpreserved error[2] is fundamental, thus warranting a new trial.
Ware acknowledges the Florida Supreme Court, in Taylor v. State, 444 So.2d 931 (Fla.1983), held that attempted voluntary manslaughter is a viable offense in Florida. In doing so, the Taylor court distinguished the crimes of attempted voluntary manslaughter (manslaughter by act or procurement) and attempted involuntary manslaughter (manslaughter by culpable negligence):
We therefore hold that there may be a crime of attempted manslaughter. We reiterate, however, that a verdict for attempted manslaughter can be rendered only if there is proof that the defendant had the requisite intent to commit an unlawful act. This holding necessitates that a distinction be made between crimes of “manslaughter by act or procurement” and “manslaughter by culpable negligence.” For the latter there can be no corresponding attempt *534 crime. This conclusion is mandated by the fact that there can be no intent to commit an unlawful act when the underlying conduct constitutes culpable negligence. On the other hand, when the underlying conduct constitutes an act or procurement, such as an aggravated assault, there is an intent to commit the act and, thus, there exists the requisite intent to support attempted manslaughter.
Id. at 934.
Ware argues, however, that State v. Montgomery, 39 So.3d 252 (Fla.2010), effectively overruled Taylor and eliminated the crime of attempted voluntary manslaughter. This question was recently answered by the Florida Supreme Court, in Williams v. State, — So.3d - (Fla.2013), reaffirming that attempted voluntary manslaughter by act remains a viable offense after Montgomery.
Affirmed.

. On the lesser included offense of attempted voluntary manslaughter, the trial court instructed the jury, in relevant part, that the State was required to prove "Emmanuel Ware intentionally committed an act which would have resulted in the death of Dion Akeem Maycock except that someone prevented Emmanuel Ware from killing Dion Akeem Maycock or he failed to do so." This instruction is consistent with the current state of the law of attempted voluntary manslaughter. See State v. Montgomery, 39 So.3d 252 (Fla.2010) (holding that the crime of voluntary manslaughter does not require proof of intent to kill, but proof of the requisite intent to commit an act which caused death); Taylor v. State, 444 So.2d 931 (Fla.1983) (holding that the crime of attempted voluntary manslaughter does not require proof of intent to kill, but proof of the requisite intent to commit an unlawful act which could have, but did not, cause death).

. Ware did not raise this issue at the trial court; he raises it for the first time on appeal.