SILBERMAN, Judge.
Steve Lawrence Griffin, Jr., seeks review of his judgment and sentence for second-degree murder with a firearm. Griffin argues that the trial court committed fundamental error by giving the standard instruction on the lesser included offense of manslaughter by act and that the court abused its discretion by denying his motion for new trial based on several alleged incidents of State misconduct. We find no abuse of discretion in the denial of the motion for new trial and do not discuss that issue further. As to the jury instruction issue, we agree that the manslaughter instruction given by the court was erroneous. However, we conclude that the error in giving the instruction did not rise to the level of fundamental error because the error did not pertain to a disputed element of the offense. Accordingly, we affirm.
Griffin was tried by a jury for second-degree murder in violation of section 782.04(2), Florida Statutes (2010). During the jury charge conference, the parties agreed that the lesser included offense of manslaughter by act should be read to the jury. Despite the fact that the date of the offense was January 2011, the court was provided with the 2006 version of the standard manslaughter by act instruction which the Florida Supreme Court has held erroneously requires an intent to kill. See State v. Montgomery, 39 So.3d 252, 257 (Fla.2010). The supreme court has concluded that it is fundamental error to give this instruction when the defendant is convicted of an offense that is only one step removed from the lesser included offense of manslaughter and the element of intent is disputed at trial. See Daniels v. State, 121 So.3d 409 (Fla. June 6, 2013); Haygood v. State, 109 So.3d 735, 742 (Fla.2013); Montgomery, 39 So.3d at 258-59.
The State does not dispute that the jury instruction given by the trial court was erroneous under Montgomery. However, the State asserts that the error in giving the instruction was not fundamental because Griffin was convicted of second-degree murder as charged, as opposed to as a lesser included offense. The State cites to Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), in support of this argument.
In Joyner, the defendant was charged with and convicted of second-degree murder. Id. at 306. On appeal, the defendant argued that the standard jury instruction on the lesser included offense of man *90 slaughter by act constituted fundamental error under Montgomery. The First District distinguished Montgomery on three bases. Id. at 306-07. As one of those bases the court stated, without elaborating, that the defendant was not convicted of a lesser included offense but was convicted as charged. Id. at 306.
We do not find this to be a valid basis on which to distinguish Montgomery. We recognize that the defendant in Montgomery was charged with premeditated first-degree murder and convicted of the lesser included offense of second-degree murder. See 39 So.3d at 254. However, the charged offense did not factor into the court’s fundamental error analysis. Instead, the court focused on whether the erroneous instruction pertained to a crime that was one step removed from the crime for which the defendant is convicted. Id. at 259. We therefore decline the State’s invitation to follow Joyner.
The State also argues that giving the instruction in this case did not constitute fundamental error because the intent element was not disputed at trial. We agree. The supreme court has “long held that fundamental error occurs in a jury instruction where the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict.” Hay-good, 109 So.3d at 741 (citing State v. Delva, 575 So.2d 643, 644-45 (Fla.1991)). This standard is equally applicable in the context of the Montgomery instruction on manslaughter by act. See Daniels, 121 So.3d at 409; Haygood, 109 So.3d at 742; Montgomery, 39 So.3d at 258.
In this case, the State presented eyewitness testimony that Griffin pulled up next to the victim’s vehicle in a convenience store parking lot and had words with him through the windows. Then Griffin pulled out a long black gun, put it through the window, and shot the victim in the neck where he sat. Griffin’s sole defense was mistaken identity. Griffin admitted that he pulled his vehicle up next to the victim’s vehicle and had a conversation with him. He claimed that an unknown individual walked between the vehicles to the victim’s window, pulled out a shotgun, pointed it at the victim, and shot him.
Griffin did not argue that the manner of the shooting did not establish the requisite intent; he simply argued that he was not the perpetrator. There is no dispute regarding the elements of an offense when the manner of the crime is conceded and the sole defense is mistaken identity. Battle v. State, 911 So.2d 85, 89 (Fla.2005). Because there was no dispute regarding the element of intent, the erroneous jury instruction on the intent element of the lesser included offense of manslaughter did not constitute fundamental error. See Ingraham v. State, 32 So.3d 761, 767-68 (Fla. 2d DCA 2010) (holding that the error of omitting the element of intent to commit larceny from the jury instruction was not fundamental because the only disputed issue at trial was identity); Davis v. State, 839 So.2d 734, 735 (Fla. 4th DCA 2003) (holding that the error in failing to instruct the jury on the guilty knowledge element for a drug possession crime was not fundamental because the only disputed issue at trial was identity). Accordingly, we affirm.
Affirmed.
NORTHCUTT and SLEET, JJ., Concur.