OSTERHAUS, J.
In this direct criminal appeal, Appellant raises two points challenging his judgment and sentence for attempted voluntary manslaughter by act. Appellant’s arguments are both premised on the jury having been erroneously instructed on the “intent to kill” element disapproved of in State v. Montgomery, 39 So.3d 252 (Fla. 2010), and extended to attempted voluntary manslaughter by act in Williams v. State, 123 So.3d 23 (Fla.2013). We affirm for the reasons discussed below.
I.
Appellant was charged by amended information with attempted second-degree murder while wearing a hood or mask. The information also alleged appellant used a firearm in the commission of this offense and that it occurred on July 16 and 17, 2010.
At trial the State’s evidence was that Appellant entered the apartment of the shooting victim through the unlocked kitchen door wearing a black mask and gloves and carrying a firearm. Once inside, Appellant entered the living room, brandished his gun, and demanded money from the approximately 8 people there at the time. The shooting victim stood closest to Appellant and attempted to approach him when he was shot through the leg. A struggle ensued as others came to the victim’s aid and Appellant fired another shot. Eventually Appellant was tackled to the ground in the back bedroom, disarmed, had his mask and gloves removed, and tied up. In the meantime, several others in the apartment contacted the police. A few minutes later, police arrived and found three men sitting on top of Appellant in the bedroom. Appellant was not gagged but said nothing to police.
Appellant testified in his own behalf and told the jury a different story: that he was an invitee and a victim at the apartment that night. Appellant did not dispute that two shots were fired, that the victim was shot through the leg, or that he struggled with the men and eventually ended up on the floor in a bedroom tied up. But, Appellant testified he was the one who was robbed at gun point and that the others in the apartment set him up.
After the jury heard the evidence, during closing arguments, the State acknowledged there was no evidence that Appellant intended to kill the victim, just that Appellant shot twice and just didn’t care whether he killed anyone or not. Defense counsel requested instructions on all lesser-included offenses of attempted second-degree murder, including attempted voluntary manslaughter by act. And defense counsel did not object when the following instruction was read to the jury:
To prove the crime of attempted voluntary manslaughter the state must prove the following elements beyond a reasonable doubt: ... one, Marcus Darnell Ebron committed an act which was intended to cause the death of [the victim] and would have resulted in the death of [victim] except that someone prevented Marcus Darnell Ebron from killing [the victim] or he failed to do so.
[[Image here]]
In order to convict of attempted voluntary manslaughter it is not necessary for the state to prove that the defendant *483 had a premeditated intent to cause death.
(Emphasis added).
The jury returned a verdict finding Appellant guilty of the lesser-included offense of attempted voluntary manslaughter by act. Thereafter, Appellant filed a motion for a new trial, which included a challenge to the erroneous attempted voluntary manslaughter instruction. But Appellant’s motion for new trial was denied.
II.
Appellant raises two issues on appeal. First, Appellant claims that reading the improper attempted voluntary manslaughter instruction including the “intent to kill” element to the jury was fundamental error entitling him to a new trial on that count. Second, Appellant claims it was fundamental error to instruct the jury on the lesser-included offense of attempted voluntary manslaughter by act at all, because the erroneous “intent to kill” instruction transformed Appellant’s conviction for attempted voluntary manslaughter by act into a conviction for a non-existent crime.
Because Appellant did not object to the jury instruction on attempted voluntary manslaughter at trial on either ground raised on appeal, Appellant’s claims of error are not preserved and are reviewed only for fundamental error. As stated by the Florida Supreme Court in State v. Delva, 575 So.2d 643 (Fla.1991),
Instructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). [That is] “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” ... [And flailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
Id. at 644-45 (citations omitted). See also Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008).
Under the facts and circumstances of this case we do not think that the instruction on attempted manslaughter by act rose to the level of fundamental error, because it did not involve a disputed element of the crime. In Williams v. State, 123 So.3d 23 (Fla.2013), the Florida Supreme Court recently articulated the rule concerning Montgomery error in language similar to that in Delva, supra:
[T]he defendant is entitled to an accurate instruction on the charged offenses and all lesser included offenses, and when the defendant is convicted of a crime not more than one step removed from the crime for which an erroneous instruction is given, fundamental error occurs if the instruction pertains to a disputed element of the crime.
(Emphasis added). Cf. Delva at 644-45 (“Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.”). See also Haygood v. State, 109 So.3d 735 (Fla.2013) (“[F]un-damental error occurs in a jury instruction where the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict.”) (citing Delva at 644-45). In this case, the record reflects “intent to kill” was not disputed by either the State or the defense. Rather, the State told the jury unequivocally that Appellant had no intent to kill the victim. *484 And the defense did not make an issue of “intent to kill,” but argued that Appellant was not the perpetrator or shooter. And, so, based on this record, it is clear that “intent to kill” was not a disputed element in this case and “ ‘was not at issue as a defense.’” Battle v. State, 911 So.2d 85, 89 (Fla.2005) (quoting Delva at 645). See Griffin v. State, 128 So.3d 88, (Fla. 2d DCA Sept. 18, 2013) (holding Montgomery error not fundamental where “intent to kill” was not a disputed element, stating “[t]here is no dispute regarding the elements of an offense when the manner of the crime is conceded and the sole defense is mistaken identity.”) (citing Battle at 89).[1]
A second reason that Montgomery is not dispositive is that Appellant was convicted of the lesser-included offense of attempted voluntary manslaughter itself rather than the primary offense of attempted second-degree murder. Thus, the “intent to kill” language did not direct the jury’s verdict to attempted second-degree murder, as was problematic in Montgomenj. Because “intent to kill” was not a disputed element and Appellant was not convicted of attempted second-degree murder, we conclude the erroneous “intent to kill” language of the attempted voluntary manslaughter by act instruction did not constitute fundamental error in this case.
We also reject Appellant’s second argument, that the erroneous “intent to kill” instruction transformed Appellant’s conviction for attempted voluntary manslaughter by act into an illegal conviction for a non-existent crime. In Williams, the Florida Supreme Court held that attempted voluntary manslaughter by act is still a viable offense in Florida notwithstanding an erroneous instruction and that Montgomery did not abrogate it. See also Ware v. State, 112 So.3d 532, 534 (Fla. 3d DCA 2013). The confusing instruction did not transform a conviction for attempted manslaughter into an illegal one for a nonexistent crime.
III.
Based on the foregoing discussion, we conclude the erroneous “intent to kill” instruction did not constitute fundamental error under the facts and circumstances of this case, because “intent to kill” was not a disputed element and did not operate to direct the jury to enter a verdict for attempted second-degree murder. We, therefore, affirm Appellant’s conviction and sentence for the lesser included offense of attempted voluntary manslaughter by act.
AFFIRMED.
LEWIS, C.J., and MARSTILLER, J., concur.

. Motions for rehearing and rehearing en banc were filed in Griffin on October 1, 2013.