# Third District Court of Appeal

## State of Florida

Opinion filed May 06, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D09-958
Lower Tribunal No. 03-25149
_____

**Baron Moore,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Julio E. Jimenez, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Shayne R. Burnham, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and SUAREZ and ROTHENBERG, JJ.

*ON REMAND*

ROTHENBERG, J.

Upon remand by the Florida Supreme Court, we reverse Baron Moore's conviction and sentence for second degree murder and remand for a new trial.

In State v. Montgomery, 39 So. 3d 252 (Fla. 2010), the Florida Supreme Court found that the standard jury instruction for manslaughter by act was erroneous and that the erroneous instruction was fundamental error where Montgomery was convicted of second-degree murder, which is only one step removed from manslaughter. Id. at 258. In Haygood v. State, 109 So. 3d 735 (Fla. 2013), the Florida Supreme Court addressed whether the trial court's fundamental error in giving the erroneous jury instruction was cured by also giving an instruction on manslaughter by culpable negligence. The Court concluded that the erroneous instruction was not cured by giving a culpable negligence instruction if the evidence supports manslaughter by act, the evidence does not support manslaughter by culpable negligence, and where the defendant is convicted of second-degree murder. Haygood, 109 So. 3d at 737.

Thereafter, in Daniels v. State, 121 So. 3d 409 (Fla. 2013), the Florida Supreme Court concluded that, although the manslaughter by act instruction in Daniels differed from the manslaughter by act instruction found to be erroneous and fundamental error in Montgomery, and the Daniels instruction was preliminarily approved by the Florida Supreme Court post-Montgomery, it

2

suffered the same infirmity as the Montgomery instruction, and must suffer the same fate as the erroneous Montgomery instruction. Daniels, 121 So. 3d at 419.

Lastly, in Griffin v. State, 40 Fla. L. Weekly S135, S136-37 (Fla. Mar. 12, 2015), the Florida Supreme Court specifically rejected the State's argument that the Court's holdings in Montgomery, Daniels, and Haygood do not apply where the defendant's sole defense at trial was misidentification. In Griffin, the State contended, and the Second District Court of Appeal concluded, that because misidentification was Griffin's sole defense at trial, the element of intent was not in dispute and because "fundamental error in a jury instruction only occurs where the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict," no fundamental error had occurred. Griffin v. State, 128 So. 3d 88, 89 (Fla. 2d DCA 2013) (citations omitted). In rejecting this argument and quashing the Second District's opinion, the Florida Supreme Court noted that Griffin did not concede the element of intent and he had no affirmative obligation to dispute intent or any element of the crime. Griffin, 40 Fla. L. Weekly at S137. A defendant may sit mute as it is the State's burden to prove all of the elements. Id. The fact that a defendant contests one of the elements at trial does not mean he has conceded the remaining elements the State must prove. Id.

3

Based on these holdings, we reverse Moore's conviction and sentence for second-degree murder and remand for a new trial because Moore's jury was provided with the same "infirm" manslaughter by act instruction addressed in <u>Daniels</u>, which the Florida Supreme Court has determined constitutes fundamental error; the evidence supports manslaughter by act and it does not support culpable negligence; Moore did not concede that he intended to kill the victim; and Moore was convicted of second-degree murder.

Reversed and remanded.