# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D10-27
Lower Tribunal No. 06-44071
_____

**Anthony Figueroa,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Carlos J. Martinez, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellee.

Before WELLS, LAGOA, and FERNANDEZ, JJ.

ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.

Upon remand by the Florida Supreme Court, we reverse Anthony Figueroa's ("Figueroa") conviction and sentence for second degree murder and remand for a new trial.

The sole issue on appeal arises from the jury instructions given by the trial court for manslaughter, which was the 2008 interim manslaughter by act instruction approved by the Florida Supreme Court. See In re Standard Jury Instructions in Criminal Cases—Report No. 2007-10, 997 So. 2d 403 (Fla. 2008). The question before us is whether that instruction erroneously stated the elements of manslaughter by act, and whether the instruction constitutes fundamental error in the instant case. See Daniels v. State, 121 So. 3d 409 (Fla. 2013); State v. Montgomery, 39 So. 3d 252 (Fla. 2010).

Pursuant to Figueroa's Motion for Rehearing, we withdrew our opinion issued June 25, 2014, and stayed our decision pending disposition of Griffin v. State, 160 So. 3d 63 (Fla. 2015). Subsequently, in Griffin, the Florida Supreme Court clarified that the giving of an erroneous manslaughter by act jury instruction does establish fundamental error when the defendant's sole defense is misidentification. Because the defendant in Griffin was convicted of second degree murder, an offense only one step removed from manslaughter, and because the defendant did not concede the intent by which the homicide was committed, the Court concluded that proof of that issue remained on the State, and remained in dispute notwithstanding the defendant's defense of misidentification. Id. at 70.

Thus, it was fundamental error to erroneously instruct the jury on manslaughter by act, requiring a new trial. <u>Id.</u>

In accordance with <u>Griffin</u>, 160 So. 3d 63, we hold that the error here was fundamental, as Figueroa did not concede the element of intent and he had no affirmative obligation to dispute intent or any element of the crime. <u>Id.</u>; <u>Page v. State</u>, 40 Fla. L. Weekly D1077 (Fla. 3d DCA May 6, 2015); <u>Moore v. State</u>, 40 Fla. L. Weekly D1075 (Fla. 3d DCA May 6, 2015). Because we find that fundamental error occurred, we reverse and remand for a new trial.

REVERSED AND REMANDED