NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTONIO D. KING,                          )
                                          )
            Appellant,                    )
                                          )
v.                                        )          Case No. 2D13-793
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____ )

Opinion filed July 29, 2015.

Appeal from the Circuit Court for
Hillsborough County; Kimberly Fernandez,
Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.


        Antonio D. King challenges his convictions and sentences for one count

each of first-degree murder, attempted first-degree murder, and attempted second-

degree murder. We affirm his convictions and sentences but remand for the trial court

to correct two scrivener's errors on the written final judgment. We write only to explain why the giving of the standard attempted manslaughter jury instruction, which has since been deemed to be erroneous, did not amount to fundamental error.[1]

The charges against King arose out of an incident that occurred in the yard of King's aunt's house. A large number of people had gathered, and according to the State's eyewitnesses, King had been walking around with a gun in the waistband of his pants saying that he was "going to kill one of you motherf _ _ _ ers around here today." Shortly thereafter, he placed the gun inside his aunt's house by the front door. At some point, King got into an argument with Sabrina Broxton and her boyfriend, Jermaine Buie. During the argument King slapped Broxton, causing Buie, Broxton, and several others to start hitting King. King fought back but ultimately pulled himself away from the group. He ran onto his aunt's porch and went inside the house to retrieve his gun. The group followed King onto the porch, but when he emerged from the house with the gun, everyone scattered, running away from the residence. King gave chase, shooting the gun as he ran. He caught up to Broxton and shot her twice at close range, killing her. He then turned toward Sierra Hunter and Victoria Anderson, who both had been part of the physical altercation. He fired several shots at the pair as they fled in Hunter's car, driving away from the scene in reverse. Those shots were the bases for the two attempted first-degree murder charges brought in counts two and three.

At trial, the court instructed the jury on the lesser included offenses of manslaughter in count one and attempted manslaughter in counts two and three. In

---

[1]We conclude that the other issues raised by King on appeal are likewise without merit, and we do not address them in this opinion.

doing so, the court used the standard jury instructions ultimately deemed to be erroneous by the Florida Supreme Court in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). See also Williams v. State, 123 So. 3d 23 (Fla. 2013) (extending Montgomery's conclusion that the standard jury instruction for the crime of manslaughter was flawed to the standard jury instruction for the crime of attempted manslaughter). King did not object to the jury instructions, and the jury convicted him as charged on counts one and two and of the lesser included offense of attempted second-degree murder on count three.

On appeal, King argues that the trial court erred in instructing the jury on the lesser included charge of attempted manslaughter in counts two and three. However, because King did not object to the jury instruction at trial, his claim of error is not preserved and we may review it only for fundamental error. See State v. Delva, 575 So. 2d 643, 645 (Fla. 1991) ("[Jury i]nstructions . . . are subject to the contemporaneous objection rule[] and, absent an objection at trial, can be raised on appeal only if fundamental error occurred.").

Initially we note that with regard to count two, the error cannot be deemed fundamental. "[A] trial court commits fundamental error in giving the standard jury instruction on attempted manslaughter by act where the defendant is convicted of a crime no more than one step removed from the improperly instructed offense." Williams, 123 So. 3d at 27; see also Richards v. State, 128 So. 3d 959, 963 (Fla. 2d DCA 2013) (holding that because defendant was convicted of an offense "not one but two steps removed from attempted manslaughter," the giving of an erroneous attempted manslaughter instruction did not constitute fundamental error).

In count two, King was charged with attempted first-degree murder, and the jury found him guilty as charged. Attempted manslaughter is more than one step removed from attempted first-degree murder. Echols v. State, 484 So. 2d 568, 574 (Fla. 1985) ("[M]anslaughter is a lesser included offense, three steps removed, of first-degree murder and the jury, if inclined to exercise its 'pardon' power, could have returned verdicts of second-degree or third-degree murder."). Thus, the error of giving the attempted manslaughter instruction as to count two in the instant case did not constitute fundamental error.

However, the analysis with regard to count three is not as simple. In that count, King was charged with the attempted first-degree murder of Victoria Anderson, and the jury returned a verdict of guilty of the lesser included offense of attempted second-degree murder, a crime only one step removed from the improperly instructed attempted manslaughter. Thus, application of the "one-step-removed" test for fundamental error does not conclude our inquiry.

The Florida Supreme Court has recently "reaffirm[ed] that . . . precedent requires that, for an unpreserved error in jury instruction to be found fundamental on appeal, the error must be 'pertinent or material to what the jury must consider in order to convict.' " Griffin v. State, 160 So. 3d 63, 67 (Fla. 2015) (quoting Montgomery, 39 So. 3d at 258).

The error in the attempted manslaughter jury instruction given on count three in the instant case was that it improperly added an intent element to the crime of attempted voluntary manslaughter. See Williams, 123 So. 3d at 27 ("[T]he manslaughter statute does not impose a requirement that the defendant intend to kill the

victim."). Accordingly, in order for the giving of the instruction to amount to fundamental error, intent had to be an issue to be considered by the jury.

In <u>Griffin</u>, the appellant was convicted as charged of second-degree murder following a jury trial at which the erroneous manslaughter instruction was given. 160 So. 3d at 66. At trial, Griffin maintained a defense of mistaken identity. As such, he did not specifically challenge the intent of the "unknown" perpetrator. On appeal, this court concluded that "[b]ecause there was no dispute regarding the element of intent, the erroneous jury instruction on the intent element of the lesser included offense of manslaughter did not constitute fundamental error." <u>Griffin</u>, 128 So. 3d 88, 90 (Fla. 2d DCA 2013). On review, however, the Florida Supreme Court held "that a sole defense of misidentification does not concede or fail to place in dispute intent or any other element of the crime charged except identity when the offense charged is an unlawful homicide." 160 So. 3d at 67.

The instant case is factually distinguishable from <u>Griffin</u>. Here, King did not put forth a defense of mistaken identity but rather maintained that he acted in self-defense. In his post-<u>Miranda</u> statement to police, which was introduced at trial without objection, he stated, "I was trying to shoot at people that were attacking, man." He also stated, "I will be honest. I was intending to get the ones that beat me down like that, you know." It is undisputed that Victoria Anderson was one of the people who had physically hit King. In fact, Anderson testified that she was the first one to come to Broxton's defense when King was hitting Broxton.

Furthermore, King did not dispute intent at trial. In fact, in closing argument, defense counsel argued that the shootings constituted the justifiable use of

deadly force due to King's reasonable belief that he was in danger of great bodily harm. By arguing the justifiable use of deadly force, King necessarily conceded the element of his intent to fire the gun at the people with whom he had the physical altercation.

"[W]here a defendant expressly concedes one or more elements of a crime, those elements can be characterized as no longer in dispute for purposes of a fundamental error analysis." Griffin, 160 So. 3d at 69 (citing Stewart v. State, 420 So. 2d 862, 863 (Fla. 1982)). Accordingly, intent was not an element in dispute for the jury to determine at King's trial, and the giving of the erroneous jury instruction on attempted manslaughter cannot be deemed fundamental error as to count three.

Finally, King points out on appeal, and the State concedes, that his judgment erroneously reflects a conviction in count three for first-degree instead of second-degree murder and that it reflects a $100 public defender's fee that was not orally pronounced. As such, although we affirm King's convictions and sentences, we remand for the correction of these scrivener's errors.

Affirmed and remanded.

ALTENBERND and LUCAS, JJ., Concur.