ON REMAND FROM THE SUPREME COURT OF FLORIDA

OSTERHAUS, J.
This case returns to us by order from the Florida Supreme Court, quashing and remanding our decision in Ebron v. State, 134 So.3d 481, 482 (Fla. 1st DCA 2013), reh’g denied (Mar. 31, 2014), and directing us to reconsider Marcus Darnell Ebron’s appeal in light of its recent decision in Griffin v. State, 160 So.3d 63 (Fla.2015). Mr. Ebron’s arguments are premised on the jury having been erroneously instructed on the “intent to kill” element disap *957 proved in State v. Montgomery, 39 So.3d 252 (Fla.2010), and extended in Williams v. State, 123 So.3d 23 (Fla.2013), to attempted voluntary manslaughter by act. After considering Griffin’s application to the circumstances in this case, we affirm Mr. Ebron’s conviction and sentence. Unlike Griffin, the jury convicted Mr. Ebron of the lesser offense in spite of the faulty jury instruction. The instruction neither foreclosed the jury from finding Mr. Ebron guilty of the lesser offense, nor vitiated his trial.
I.
Mr. Ebron challenges his conviction for attempted voluntary manslaughter by act arising from an incident that occurred in July 2010, for which he was charged with attempted second degree murder. According to the State’s evidence, Mr. Ebron entered someone else’s apartment through an unlocked kitchen door wearing a mask and gloves, and carrying a firearm. Mr. Ebron brandished a gun in the living room and demanded money from about eight people in the apartment. One man was shot through the leg when he moved toward Mr. Ebron. A struggle then ensued as others came to the victim’s aid, during which Mr. Ebron fired another shot. Mr. Ebron was eventually tackled to the ground, disarmed, and tied up. The police arrived a few minutes later and found three men sitting on top of Mr. Ebron in the back bedroom. .
Mr. Ebron testified in his own behalf to a different story. He claimed to have been invited to the apartment that night and to be the true victim. Mr. Ebron did not dispute that two shots were fired, that the victim was shot through the leg, or that he struggled with some men in the room. But Mr. Ebron claimed that he was the one who was robbed at gun point and that the others in the apartment set him up.
After the jury heard the evidence, the State’s closing argument acknowledged a lack of evidence that Mr. Ebron intended to kill the victim; rather, he shot without regard for whether he killed anyone or not. Mr. Ebron’s counsel requested jury instructions on the lesser-included offenses to attempted second-degree murder—attempted voluntary manslaughter by act, aggravated battery, and battery. And the defense did not object when the following attempted voluntary manslaughter by act instruction was read to the jury:
To prove the crime of attempted voluntary manslaughter the state must prove the following elements beyond a reasonable doubt: ... one, Marcus Darnell Ebron committed an act which was intended to cause the death of [the victim] and would have resulted in the death of [victim] except that someone prevented Marcus Darnell Ebron from killing [the victim] or he failed to do so.
[[Image here]]
In order to convict of attempted voluntary manslaughter it is not necessary for the state to prove that the defendant had a premeditated intent to cause death.
(Emphasis added).
The jury later returned a verdict finding Mr. Ebron guilty of the lesser-included offense of attempted voluntary manslaughter by act. Thereafter, Mr. Ebron filed a motion for a new trial, which included a challenge to the attempted voluntary manslaughter instruction. But Mr. Ebron’s motion for new trial was denied.
II.
Mr. Ebron’s appeal identifies a clear Montgomery-type problem with the jury instruction given on attempted voluntary manslaughter by act. Whereas Montgomery states that a defendant is entitled to an accurate instruction on the *958 charged offenses and all lesser included offenses, 39 So.3d at 258, Williams, 123 So.3d at 29; see also Haygood v. State, 109 So.3d 735, 742 (Fla.2013), the jury instructions here improperly included an “intent to kill” element as part of the attempted voluntary manslaughter instruction to the jury. But because Mr. Ebron did not object to the instruction error, he is only entitled to a new trial if the error constituted a “fundamental error.”
Instructions ... are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred. Castor v. State, 365 So.2d 701 (Fla.1978); Brown v. State, 124 So.2d 481 (Fla.1960). [That is] “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.”
State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (citations omitted). See also Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008).
In determining whether a Montgomery error constitutes fundamental error, the Florida Supreme Court recently reiterated in Griffin that a defendant is entitled to accurate instructions. Griffin, 160 So.3d at 69. The failure to provide a complete instruction on manslaughter “ ‘may ” constitute fundamental error. Id. (quoting Montgomery, 39 So.3d at 258); see also Dawkins v. State, 170 So.3d 81 (Fla. 3d DCA 2015) (giving a flawed Montgomery manslaughter by act instruction is not per se fundamental error). But see Dominique v. State, 171 So.3d 204 (Fla. 4th DCA 2015) (certifying conflict with Daw-kins). In Griffin, “the manslaughter instruction given to the jury erroneously ... foreclosed [the jury] from finding [the defendant] guilty of [the] lesser offense when they found he had no intent to kill.” Id. at 70. The jury convicted the defendant of second-degree murder—a higher crime— and the Florida Supreme Court reversed because the faulty jury instruction essentially prevented the jury from finding Mr. Griffin guilty of the lesser crime. Id.
This case is different from Griffin, and other cases finding fundamental error under Montgomery, because Mr. Ebron was acquitted of the higher offense and convicted of the lesser one. Whereas in Griffin, the Florida Supreme Court considered the jury to be foreclosed from finding guilt on the lesser offense, the faulty instruction in this case had no discernable effect on the jury’s findings. Rather, the jury found Mr. Ebron guilty of the lesser offense, attempted voluntary manslaughter by act, in spite of the faulty instruction. Had Mr. Ebron actually been convicted of attempted second degree murder, then reversal would have been required under Griffin due to the lesser crime’s faulty instruction. But no fundamental error occurred under the circumstances here.
Finally, we reject Mr. Ebron’s other argument, that the erroneous “intent to kill” instruction transformed his conviction for attempted voluntary manslaughter by act into an illegal conviction for a nonexistent crime. In Williams v. State, 123 So.3d 23 (Fla.2013), the Florida Supreme Court held that attempted voluntary manslaughter by act is still a viable offense in Florida notwithstanding an erroneous instruction, and -that Montgomery did not abrogate it. See also Ware v. State, 112 So.3d 532, 534 (Fla. 3d DCA 2013).
III.
For these reasons, we conclude the erroneous attempted voluntary manslaughter by act instruction did not constitute fundar mental error in this case. Mr. Ebron’s conviction and sentence for the lesser in- *959 eluded offense of attempted voluntary manslaughter by act is AFFIRMED.
LEWIS and MARSTILLER, JJ., concur.