NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


TREVON L. JACKSON,     )
    )
    Appellant,     )
    )
v.     )      Case No. 2D15-138
    )
STATE OF FLORIDA,     )
    )
    Appellee.     )
_____)

Opinion filed May 27, 2016.

Appeal from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public
Defender, and Kevin Briggs, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

Trevon L. Jackson appeals his conviction and sentence for attempted

burglary of an occupied dwelling in violation of sections 810.02(1) and (3)(a) and section

777.04, Florida Statutes (2013). Both the State and Mr. Jackson agree that the written

judgment improperly identifies the attempted burglary of an occupied dwelling as a

second-degree felony, rather than a third-degree felony. Accordingly, we remand with instructions for the trial court to correct that scrivener's error in the written judgment. We affirm Mr. Jackson's conviction and sentence in all other respects.

The information and the Criminal Punishment Code scoresheet correctly classified attempted burglary of an occupied dwelling as a third-degree felony. The judgment, however, erroneously lists the attempted burglary of an occupied dwelling as a second-degree felony. Mr. Jackson does not claim that this error affected the execution of his sentence. The State laudably notes that there is no indication in the record that anyone operated under a mistaken notion that Mr. Jackson's crime was a second-degree felony. As such, this error was simply a scrivener's error that can be corrected by the trial court upon remand. See King v. State, 177 So. 3d 4, 7 (Fla. 2d DCA 2015) (remanding for correction of scrivener's error that incorrectly listed a second-degree murder conviction as a first-degree murder conviction on the written judgment).

Although we affirm Mr. Jackson's sentence and conviction, we remand for the trial court to correct the written judgment to reflect that the attempted burglary of an occupied dwelling conviction is a third-degree felony.

Affirmed; remanded with instruction to correct scrivener's error.

VILLANTI, C.J., and WALLACE, J., Concur.