RICHARD RALPH RILEY, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 7585

March 27, 1975                                        533 P.2d 456

[Rehearing denied April 30, 1975]

*Jerry J. Kaufman,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George Holt,* District Attorney, and *Sherman H. Simmons,* Deputy District Attorney, Clark County, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

A jury found appellant, Richard Ralph Riley, guilty of rape, the infamous crime against nature, and robbery. He seeks reversal of his judgment of conviction on two principal grounds: 1) Prosecutorial misconduct committed during his trial and 2) the failure of the chief judge properly to advise Riley of his constitutional rights when the judge granted Riley's motion to withdraw a guilty plea to the charge of rape that he had previously entered.

1. Riley followed the victim of his crimes in his car as she was driving home after work. As she left her car, Riley accosted her with a pistol and then ordered her into her vehicle. At gun point, she drove him to another location, where he had her disrobe. Over the victim's pleading protests that she was a married woman and had children, Riley at the point of his gun forced the victim to commit the infamous crime against nature, i.e., oral copulation, for "about five minutes."

Not having fully gratified his lust, Riley then proceeded to rape the woman for about 15 minutes, although, because he was on "speed," he was unable to reach a climax. He then returned the victim's clothes and released her, after taking $60 from her purse.

We have reviewed the record of the proceedings below. The evidence is clear and convincing beyond a reasonable doubt that Riley committed the crimes of which he was found guilty. The victim's testimony is corroborated by an officer of the Las Vegas Metro Police Department who arrested Riley. The arrest was based on the description provided by the victim of Riley, his vehicle, and the contents thereof.

2. We have reviewed and considered the prosecutorial misconduct of which Riley complains. For the most part it consists of gratuitous remarks relating to the trial judge's rulings made

during trial and the prosecutor's argument to the jury. While these remarks were unnecessary, we do not find that they constitute grounds for reversible error. Improper argument is assumed to be injurious, but if the case is free from doubt, a reversal will not result. Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966).

The record below leaves no doubt as to Riley's guilt. Indeed, Riley testified before the jury regarding the facts surrounding the commission of the infamous crime against nature and the robbery, but he claimed that he was unable to consummate the rape because of his temporary impotency. The evidence pointing to the guilt of Riley was overwhelming. Additionally, the trial judge properly instructed the jury that they and they alone were the sole judges of the facts in the case.[1] Therefore, under the posture of this case we do not find the necessary grounds for reversible error.

3.    Riley contends that the chief judge erred in allowing him to withdraw his plea of guilty to the rape charge. The authorities he cites pertain solely to the *entry* of a plea of guilty, i.e., whether such plea was voluntarily and knowingly made. No similar determination is required prior to allowing the withdrawal of a guilty plea.[2]

Finding no grounds to reverse the jury's verdict of guilty, we affirm Riley's judgment of conviction.

---

[1]Also, the prosecutor prefaced his remarks to the jury as follows:

"I should forewarn you that what we try to do in this argument is to put the bits and pieces of testimony into perspective. We try to tell you what our feeling and theory of this particular case is, but I would like to add this admonition, that what we say at this time is not evidence[;] only what comes from that chair is evidence and if I should make any misstatement of the testimony, as you recall it during the time that you listened to it, then disregard what I said. Remember what you yourself have heard. . . ."

[2]Apparently Riley had entered a plea to the rape charge as a result of plea negotiations. However, when he was permitted to withdraw that plea the deputy district attorney made the following statement:

"For the record I would like to point out at this time that in the event the defendant is allowed to and chooses to withdraw his plea[,] negotiations have ceased; there will be no more, and we will go to trial on all charges."