DANIEL EDWIN GUYNES, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 8894

December 21, 1976                    558 P.2d 626

*Morgan D. Harris,* Public Defender, and *Stephen L. Huffaker,* Deputy, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

After having entered a plea of not guilty, by reason of insanity, Daniel Edwin Guynes was convicted, by jury verdict, of attempted robbery. In this appeal the only cognizable contentions of error, none of which have merit, are directed to (1) the jury instruction that the accused was required to prove claimed insanity by a preponderance of the evidence; (2) the judge's failure to make a "specific" finding that Guyne's confession was voluntary; and, (3) alleged prosecutorial misconduct.

The robbery attempt was thwarted when the would-be victim drew a weapon and ordered Guynes to lie on the ground. After the police arrived Guynes spontaneously declared he was sick and needed the money. After the police advised him of his rights, Guynes again volunteered an inculpatory statement.

1.   In support of his first assignment of error, Guynes erroneously contends that the decision in Mullaney v. Wilbur, 421 U.S. 684 (1975), makes it constitutionally impermissible to place the burden on him to prove insanity, because it is an element of the charged crime and, therefore, must be proven by the State. See Phillips v. State, 86 Nev. 720, 475 P.2d 671 (1970), where this court held that insanity is an affirmative defense which the defendant must establish by a preponderance of proof. This holding is neither offensive to, nor incompatible with, the decision in *Mullaney,* or with any other High Court pronouncement. See, for example, Leland v. Oregon, 343 U.S. 790 (1952), which holds that there is no constitutional requirement that the state must shoulder the burden of proving the sanity of an accused. See also the concurring opinion in

*Mullaney*, 421 U.S. at 704–706, wherein Chief Justice Burger joined with Mr. Justice Rehnquist in a cogent recognition and analysis of the question, which is in accord with our holding.

2. Guynes also contends the district court erred by admitting his confession without first holding an evidentiary hearing to determine its voluntariness, pursuant to the mandate of Jackson v. Denno, 378 U.S. 368 (1964). A *Jackson* hearing is required only when the defendant *challenges* the voluntariness of his confession. Lego v. Twomey, 404 U.S. 477 (1972). Guynes not only failed to make such a challenge, but has never contended his confession was other than voluntary.

3. Guynes argues that some of the prosecutor's questions on cross-examination were prejudicial; therefore, he concludes he was deprived of a fair trial. The same conclusion is directed to a portion of the prosecutor's argument to the jury. Objections to the questions—and argument—were made and sustained. These circumstances, coupled with the overwhelming evidence of guilt, neither demonstrate error nor persuade us that Guynes was prejudiced. Riley v. State, 91 Nev. 196, 533 P.2d 456 (1975); Pacheco v. State, 82 Nev. 172, 414 P.2d 100 (1966); cf. State v. Kane, 542 P.2d 335 (Kan. 1975); Massengale v. State, 548 P.2d 656 (Okla.Crim.App. 1976).

Ancillary issues raised by appellant are also without merit and will not be considered.

Affirmed.