CLARK, J.
Appellant challenges his conviction of first-degree murder and mandatory sentence of life without possibility for parole. For the following reasons, the judgment and sentence are reversed and this case remanded for new trial.
On March 4, 2010, Chris Pitcock died of a gunshot wound as he drove his car away from an encounter with Appellant and another teenager. Appellant, aged 17 at the time, was arrested the next day and interrogated at the police station by a law enforcement officer. At the beginning of the interrogation, the following exchange took place:
Officer: So I want to go over your Miranda warnings. That means you have the right to remain silent, okay?
Appellant: Uh-huh.
Q: Anything you say can and will be used against you in a court of law.
A: Uh-huh.
Q. You have the right to talk to a lawyer and have him or her present with you while you’re being questioned.
A: Uh-huh.
Q: Okay. If you cannot afford to hire a lawyer, one will be appointed to represent you before any further questioning, if you wish. If you decide to answer questions now, without your lawyer being present, you have the right to change your mind at any time and request a lawyer be present before any further questioning. So if you don’t like the way it’s going, you can say, whoa, [detective].
A: I don’t have no lawyer, so —
Q: You —
A: I don’t even have no money to call a lawyer.
Q: Okay. But, understand, you know, you could have one, but — do you have any questions about these? Do you understand them?
A: Uh-huh.
Q: You do? Do you understand the rights? Could I get an initial right there? And if you want to talk to me now.
(emphasis added). Appellant then proceeded to make statements to the officer in response to questioning and the interrogation was recorded on a DVD. His statements included his description of his meeting with the victim the day of the shooting, sitting in the victim’s car prior to any occurrence of violence, and his expressions of callous disregard for the fate of Mr. Pitcock and shooting incidents in general.
A grand jury indictment was filed on March 22, 2010, charging Appellant with the first-degree murder and attempted armed robbery of Pitcock. Upon Appellant’s motion to suppress his statement to the officer at the police station, the trial court suppressed portions of Appellant’s statement on grounds not at issue here. However, the court denied suppression of the portions of the interrogation immediately following the purported waiver quot *1019 ed above. For the unsuppressed material, the court found that Appellant knowingly and intelligently waived his Miranda rights prior to the commencement of the interrogation.
The trial took place August 2 and 3, 2011. The unsuppressed portions of the interrogation amounting to approximately 65 transcribed pages were published to the jury during trial over defense counsel’s renewed objection.
At the close of the evidence, the court discussed the jury instructions with counsel, including lesser included offenses, for the charged crimes. Second-degree murder was not discussed as a lesser included offense to first-degree murder and defense counsel did not request that it be included as a lesser included offense. The judge instructed the jury as agreed by the parties, and there was no objection to the instructions for first-degree murder. Second-degree murder was not presented to the jury as a lesser included offense. The jury returned a verdict of guilty as charged on both counts.
The trial court’s partial denial of Appellant’s motion to suppress his statement to law enforcement must be reversed because Appellant’s right to the presence of counsel for the interrogation was not validly waived. “Before a defendant’s self-incriminating statements may be admitted into evidence, ‘a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel.’” U.S. v. Rodriguez, 518 F.3d 1072, 1076 (9th Cir.2008) (quoting Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)). This is especially true where the suspect is a juvenile. Ramirez v. State, 739 So.2d 568, 575 (Fla.1999).
“[A]n ambiguous waiver must be clarified before initial questioning.” Alvarez v. State, 15 So.3d at 745. “Prior to obtaining an unambiguous and unequivocal waiver, a duty rests with the interrogating officer to clarify any ambiguity before beginning general interrogation.” U.S. v. Rodriguez, 518 F.3d 1072, 1080 (9th Cir. 2008) (considering waiver of right to remain silent when officer inquired if suspect “wished to speak to him” and suspect responded “I’m good for tonight.”). See also Miles v. State, 60 So.3d 447, 451 (Fla. 1st DCA 2011) (“If the suspect makes an equivocal request to remain silent before waiving his Miranda rights, the police must clarify the suspect’s intent before continuing the interrogation.”).[1]
Here, the State did not meet its heavy burden to show a knowing and intelligent waiver of Appellant’s right to appointed counsel because Appellant’s statement that he did not have the money for a lawyer indicated that he did not intelligently understand he had the right to appointed counsel even if he could not afford one. See Martinez v. State, 564 So.2d 1071 (Fla.1990); Fields v. State, 402 So.2d 46 (Fla. 1st DCA 1981). Because the officer’s response to Appellant’s statement did not clarify Appellant’s right to the presence of counsel regardless of his lack of financial resources, Appellant’s waiver of that right was not valid. Accordingly, Appellant’s subsequent statements placing him in the victim’s vehicle on the evening in question and other incriminating statements should have been suppressed. The State failed to prove beyond a reasonable *1020 doubt that the error was harmless because publication of the portions of the DVD at issue could have contributed to the jury’s verdict on both counts. See Miles v. State, 60 So.3d 447 (Fla. 1st DCA 2011); State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Regarding the jury instructions, the indictment charged Appellant with first-degree murder under section 782.04, Florida Statutes (2010), encompassing both premeditated murder and felony murder. The jury was instructed on both premeditated and felony murder. While second-degree murder is not a necessary lesser included offense for felony murder, see Coicou v. State, 39 So.3d 237 (Fla.2010), it is a necessary lesser included offense for premeditated murder. See Fla. Std. Jury Inst. (Crim.) 7.2. Accordingly, an instruction on second-degree murder was required. Omitting this option for the jury was fundamental error. State v. Abreau, 363 So.2d 1063 (Fla.1978); See also State v. Montgomery, 39 So.3d 252 (Fla.2010); Pena v. State, 901 So.2d 781 (Fla.2005) (if the jury is not instructed on a necessary lesser included offense, it is impossible to determine whether the jury would have found the defendant guilty of that lesser offense; per se error).
Because Appellant is entitled to a new trial, we need not reach the issue of the sentencing at this time. See Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012); Washington v. State, 103 So.3d 917, 920 (Fla. 1st DCA 2012) (“a discourse by this Court on other sentencing options is premature.”).
The judgment and sentence are reversed and this case is remanded for a new trial.
LEWIS and RAY, JJ., concur.

. This is not a case where a suspect validly waived his right to have counsel present prior to questioning and then subsequently attempted to revive (or invoke) the right at a later point in the interrogation. See State v. Owen, 696 So.2d 715 (Fla.1997); Alvarez v. State, 15 So.3d 738 (Fla. 4th DCA 2009) ("Invocation and waiver of constitutional rights are distinct inquiries ... and should not be merged.”).