NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD EDWARD NOH, )
 )
 Appellant, )
 )
v. ) Case No. 2D15-4264
 )
STATE OF FLORIDA, )
 )
 Appellee. )
_____ )

Opinion filed November 15, 2017.

Appeal from the Circuit Court for Pinellas
County; Frank Quesada, Judge.

Howard L. Dimmig, II, Public Defender, and
Ivy R. Ginsberg, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.


Richard Noh appeals his conviction for capital sexual battery and the

resulting life sentence, raising four grounds for reversal. We find merit only in Noh's

argument that the trial court erred by denying his motion to suppress the statement he

gave to police after he made a comment that indicated that he did not understand the

Miranda[1] warnings that had been given to him.  On this basis, we reverse and remand for a new trial.[2]

Noh was arrested and charged with capital sexual battery after his former stepdaughter told her father that Noh had engaged in certain sexual activity with her when she was nine years old.  Noh was subsequently brought to the police station for an interview.  After the investigating detective spoke with Noh for a few minutes, the following conversation ensued:

> DETECTIVE:  Okay.  All right.  I'm just gonna read you the questions, then I'm gonna have you read them to yourself, okay?  Do you understand you have the right to remain silent?
> NOH:  Yes.
> DETECTIVE:  All right.  Do you understand that anything you say can and will be used against you in a court of law?
> NOH:  Yes.
> DETECTIVE:  Do you understand that you have the right to speak to a lawyer and have him or her present with you while you are being questioned?
> NOH:  Yes.
> DETECTIVE:  Do you understand that, if you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish?
> NOH:  Yes.
> DETECTIVE:  Do you understand that you can decide at any time to exercise these rights and not answer any questions or make any statements?
> NOH:  Yes.
> DETECTIVE:  Do you understand each of these rights I've explained to you?
> NOH:  Yes.

---

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

[2]We have specifically considered and rejected Noh's arguments that the trial court abused its discretion by admitting the child hearsay testimony, abused its discretion by excluding alleged reverse Williams rule evidence, and abused its discretion by denying Noh's request for an instruction on attempted sexual battery.

DETECTIVE: Having these rights in mind, do you wish to talk to me now?

NOH: That's fine.

DETECTIVE: Is that a yes?

NOH: Yes.

DETECTIVE: Okay. All right. What I need you to do, if you would for me, I just want you to read through each one of these.

NOH: All right.

DETECTIVE: Just –

NOH: It's just kind of funny. You all put it in writing now where you used to never do it.

DETECTIVE: Yeah. It's just – it's just I wanna make sure people understand. 'Cause, see –

NOH: I know.

DETECTIVE: – see, here's the thing, Richard. I'm not here to trick anybody.

NOH: I know.

DETECTIVE: I wanna talk to you. I wanna clear this stuff up and get you home. That's kind of what I wanna do, okay. So, um, if –

NOH: Kind of what you wanna do?

DETECTIVE: That's absolutely what I wanna do. You know, I – I mean I gotta – I gotta do my job. You know what I mean?

NOH: Okay.

DETECTIVE: So, what I need you to do is I just need you to read through each one, sign each one, and then just witness it here for me, if you would.

NOH: Just – just sign each one?

DETECTIVE: Initial each one.

NOH: Oh, okay.

DETECTIVE: Read through each one, initial each one –

NOH: Right.

DETECTIVE: – and then, uh, sign right there for me at the bottom. Okay?

NOH: <u>I can't afford a lawyer anyhow.</u>

DETECTIVE: Oops. Sorry.

NOH: Okay. Right here?

(Emphasis added.) At that point, without any further discussion or clarification of the

fact that Noh could have an attorney appointed at no cost to him, the detective began

- 3 -

questioning Noh about his stepdaughter's allegations, and Noh made several incriminating statements during the interview.

Prior to trial, Noh moved to suppress his post-Miranda statement, arguing that the State could not establish that he had knowingly and intelligently waived his rights because the detective did not clarify, in response to Noh's comment, that Noh was entitled to have a lawyer appointed at no cost to him if he wanted one. The trial court denied the motion, concluding that Noh's comment constituted only an ambiguous request for counsel; hence, Noh's statement was admitted at trial. Noh was subsequently convicted as charged and sentenced to life in prison.

In this appeal, as he did below, Noh argues that his motion to suppress should have been granted because the transcript does not establish that he knowingly and intelligently waived his Miranda rights before speaking with the detective. We agree.

This case is quite similar factually to that of Chavers v. State, 115 So. 3d 1017 (Fla. 1st DCA 2013). There, the defendant was suspected of shooting a teenager following a confrontation. Id. at 1018. As the officer was reading Chavers his Miranda right concerning the appointment of an attorney, Chavers said, "I don't even have no money to call a lawyer." Id. The officer responded, "Okay. But, understand, you know, you could have one, but—do you have any questions about these?" Id. (emphasis omitted). When Chavers did not ask any other questions, the officer went forward with the interrogation, and Chavers made a number of incriminating statements. Id. Chavers filed a pretrial motion to suppress the statements, which was denied. Id. at 1018-19. Chavers was subsequently convicted as charged. Id. at 1019.

On appeal, the First District reversed the order denying suppression, concluding that the State had not established that Chavers had validly waived his Miranda rights. Id. The court first noted that the State carries "a heavy burden . . . to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." Id. (quoting United States v. Rodriguez, 518 F.3d 1072, 1076 (9th Cir. 2008)). Further, "[a]n ambiguous waiver must be clarified before initial questioning." Id. (quoting Alvarez v. State, 15 So. 3d 738, 745 (Fla. 4th DCA 2009)); see also Rodriguez, 518 F.3d at 1080 (holding that the interrogating officer has a duty to clarify any ambiguity before beginning an interrogation). Hence, because the officer did not make it clear to Chavers that he had the right to appointed counsel even if he could not afford one, the State did not establish that Chavers' waiver of his rights was knowingly and intelligently made. Chavers, 115 So. 3d at 1019.

Here, as in Chavers, Noh commented while the detective was still reading him his Miranda rights that he could not afford an attorney. Rather than attempting to ensure that Noh understood that he had the right to have counsel appointed even if he couldn't afford one, the detective encouraged Noh to finish signing the Miranda waiver form, took the signed form from Noh, and began questioning him. But an officer cannot simply ignore a comment by a suspect that indicates that the suspect does not fully understand his or her Miranda rights and assume that a waiver predicated on that misunderstanding will be valid. Thus, because the detective never clarified for Noh that he had the right to appointed counsel at no cost, the State did not establish that Noh's

waiver of his right to counsel was knowingly and intelligently made.[3]  And faced with, <u>at best</u>, an ambiguity as to whether Noh understood the rights he was waiving, the trial court should have suppressed Noh's statement to the detective.

Moreover, on this record, we cannot say that the error was harmless.  We recognize, as the State points out, that Noh also made certain admissions during a controlled telephone call between himself and his stepdaughter and that a recording of that telephone call was admitted into evidence.  However, the admissions made during that call were not as clear as those he made to the detective post-<u>Miranda</u>.  During the controlled call, Noh repeatedly said that he would admit to doing the things his stepdaughter claimed had happened if his admission would "help her heal."  The tenor of Noh's comments during that call was, "If that's what you say I did and if it will help you heal, then I will say I did it."  But for the most part, he denied the conduct alleged by his stepdaughter.  In light of the nature and entire context of those comments, the State cannot show beyond a reasonable doubt that the admission of Noh's more incriminating statement to the detective did not contribute to the jury's verdict.  <u>See</u> <u>State v. DiGuilio</u>, 491 So. 2d 1129, 1139 (Fla. 1986) (noting that the test for harmless error is whether there is a reasonable possibility that the error affected the verdict).  Accordingly, we reverse Noh's conviction and sentence, quash the order denying Noh's motion to suppress, and remand for a new trial without the suppressed statements.

---

[3]We note that this error was compounded by the fact that the detective <u>never</u> told Noh that counsel would be appointed <u>at no cost to him</u>.  When the detective was reading Noh his rights, he asked Noh only whether he understood "that, if you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning."  Nowhere during any of the detective's statements did he advise Noh that such an appointment would be made without any cost to Noh.

Reversed and remanded for a new trial.


KHOUZAM and SLEET, JJ., Concur.