# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>NOLAND XAVIER WOODARD,<br>Respondent. | No. 73449 |

FILED

MAR 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting respondent Noland Xavier Woodard's motion to suppress his police statement. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. The State argues that the district court erred in finding that Woodard did not knowingly and voluntarily waive his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). We disagree and affirm.[1]

To be valid, a waiver of *Miranda* rights must be voluntary, knowing, and intelligent. *Mendoza v. State,* 122 Nev. 267, 276, 130 P.3d 176, 181 (2006). A waiver is deemed valid when it was the product of deliberate choice and "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Berghuis v. Thompkins,* 560 U.S. 370, 382-83 (2010) (internal quotation marks omitted). The State bears a heavy burden of showing that a defendant waived his rights and must show such waiver by a preponderance of evidence. *Id.* at 383-84. We review a district court's determination that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

18-10320

a waiver was not knowing and intelligent for clear error. *Mendoza*, 122 Nev. at 276, 130 P.3d at 181.

Woodard was read his *Miranda* rights, asked if he understood these rights, and responded with a question about when he could get an attorney. Woodard's response demonstrates that he was not yet fully aware of the nature of the right, being confused about a detail that was plainly significant to his decision to speak with law enforcement. The interrogating detective failed to resolve Woodard's uncertainty answering that he did not know when an attorney could be provided. Because his uncertainty regarding the nature of the right remained unresolved, Woodard did not knowingly and intelligently waive his *Miranda* rights by continuing to speak with the detective. *Compare Noh v. State*, 230 So. 3d 603, 606 (Fla. Dist. Ct. App. 2017) (holding that an officer cannot ignore a suspect's comment showing that the suspect does not fully understand his or her *Miranda* rights and must clarify that misunderstanding before a waiver may be valid), *with People v. Sauceda-Contreras*, 282 P.3d 279, 291 (Cal. 2012) (holding that a waiver was knowing, voluntary, and intelligent where detective followed defendant's unclear statement as to whether he understood his rights with a pointed question directed at the confusion apparent in the defendant's statement, who then responded with a clear waiver). The district court therefore did not err in suppressing Woodard's statements to law enforcement.[2] *See Lego v. Twomey*, 404 U.S. 477, 488

---

[2]The deficiency of the implicit waiver is further compounded by the detective's (1) dissuading Woodard from pressing towards understanding his rights by asserting that an attorney would speak with him about something "that's completely different;" (2) minimizing Woodard's rights by responding to Woodard's first question about when an attorney would be

(1972) (excluding confessions obtained without an adequate waiver of *Miranda* rights).

The State argues that Woodard asserted that he understood his *Miranda* rights, but this misconstrues the record. After Woodard asked whether an attorney would be provided for him "right now" and the officer asked him to restate his question, Woodard's subsequent statement— "If I, I know I can call an attorney in here, I know that's my right, you know what I'm saying as a citizen"—may not be used to derogate his prior expression of a lack of understanding. *See Smith v. Illinois*, 469 U.S. 91, 98-99 (1984) ("Using an accused's subsequent responses to cast doubt on the adequacy of the initial request *itself* is even more intolerable."). Regardless, the statement further fails to show that Woodard understood his rights because he promptly restated his prior question about when he could get an attorney. Woodard here made his incomplete understanding very clear by asking specifically about one of his rights. As Woodard's lack of understanding was clear from the record, we reject the State's contention that the district court erred in granting Woodard's suppression motion without an evidentiary hearing because inquiry into Woodard's educational background and other contextual factors was unnecessary to ascertain his confusion where he stated as much to the interrogating detective. The State's related claim that a hearing pursuant to *Jackson v. Denno*, 378 U.S.

---

provided by deflecting that "I just want to bull shit with you here for a minute," *see Bond v. Commonwealth*, 453 S.W.3d 729, 734 (Ky. 2015) (minimizing the significance of the *Miranda* rights a defendant was being asked to waive undermined knowingness of the rights' waiver); and (3) never asking Woodard whether he waived his rights or was willing to talk, but only whether he understood. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986) (reviewing the totality of the circumstances for a defendant's knowing waiver).

368 (1964), was required is misplaced, as a *Jackson* hearing is warranted only where the defendant raises a voluntariness challenge to his confession, *Guynes v. State*, 92 Nev. 693, 695, 558 P.2d 626, 627 (1976), and Woodard's police statement is inadmissible on different grounds.

Having considered the State's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     The Hon. Richard Scotti, District Judge
        Attorney General/Carson City
        Clark County District Attorney
        Coyer Law Office
        Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

4