# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>GIOVANNI LORING,<br>Respondent. | No. 73450<br><br>**FILED**<br><br>MAR 15 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting respondent Giovanni Loring's motion to suppress his statement to police. Eighth Judicial District Court, Clark County; Richard Scotti, Judge. The State argues that the district court erred in concluding that the interrogating detectives violated Loring's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), by continuing to interrogate him after he invoked his right to have counsel present during custodial interrogation. We disagree and affirm.[1]

During custodial interrogation, Loring was given his *Miranda* warnings and effectively waived those rights by voluntarily speaking with the interrogating detectives. *See Davis v. United States*, 512 U.S. 452, 458 (1994). When Loring stated "no, bro, I need my lawyer, 100, I don't need to say nothin'," he unequivocally and unambiguously invoked his right to have counsel present.[2] *See Carter v. State*, 129 Nev. 244, 248-49, 299 P.3d 367,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The State below and the detective, testifying at the preliminary hearing, conceded that Loring's request for counsel was unequivocal. We thus refuse to consider the State's efforts to cast doubt on this matter in the

18-10321

370-71 (2013) (discussing when an invocation is unequivocal and unambiguous). The detectives were obligated to cease questioning Loring until counsel was present or Loring himself reinitiated conversation. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981) (holding that a suspect, "having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless [he] himself initiates further communication, exchanges, or conversations with the police"); *Carter*, 129 Nev. at 250, 299 P.3d at 371 ("*Edwards* makes abundantly clear that once counsel is requested all questioning must immediately cease, and that the right may only be waived if the accused initiates subsequent communication, there is a break in custody, or he receives the counsel that he asked for."). The detectives violated Loring's rights by asking him if he was going back to sleep, and the State's argument that the question was permissibly non-interrogative fails. *See Smith v. Illinois*, 469 U.S. 91, 98 (1984) ("*Edwards* set forth a 'bright-line rule' that *all* questioning [after an unequivoval and unambiguous invocation] must cease after an accused requests counsel." (emphasis original)). As to Loring's second interview that commenced several hours later when the detectives woke Loring to press additional questions, the record does not show that Loring initiated the conversation or that he waived the right to counsel that he had invoked. As Loring's first interview post-invocation and his second interview were conducted in violation of *Miranda*, the district court did not err in granting Loring's motion to suppress. *See Carter*, 129 Nev. at 247, 250, 299 P.3d at 370, 372

---

first instance on appeal. *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (stating that appellant is not permitted to change theory underlying assignment of error on appeal).

Supreme Court
of
Nevada

(O) 1947A

(reviewing invocation of right to counsel de novo and suppressing evidence received in violation of that right).

The State's arguments that Loring reinitiated the interrogation and waived his *Miranda* rights fail. Loring's response to the detective's question did not reinitiate a conversation with the detectives because (1) the first interrogation never ceased such that it could be reinitiated, (2) Loring *himself* did not initiate by responding to a question posed to him, and (3) it is uncontested that Loring did not initiate the second interview. Further, the detective's preliminary hearing testimony repudiated the innocuousness and purportedly non-interrogative nature of the question: the detective agreed that Loring had unequivocally invoked his right to counsel but testified that he and his partner asked the question to keep Loring talking so that he might incriminate himself. The detective's asking again later if Loring wanted to speak or to have an attorney present did not purge the taint of the violation because a suspect's subsequent waiver does not control where law enforcement officers failed to fully honor the initial request. *See Maryland v. Shatzer*, 559 U.S. 98, 104-05 (2010) ("[A]ny subsequent waiver that has come at the authorities' behest, and not at the suspect's own instigation, is itself the product of the inherently compelling pressures and not the purely voluntary choice of the suspect." (internal quotation marks omitted)); *see also Arizona v. Roberson*, 486 U.S. 675, 686 (1988) (rejecting argument that reasserting the *Miranda* warnings rectifies the violation caused by disregarding the suspect's request for counsel); *Koza v. State*, 102 Nev. 181, 188, 718 P.2d 671, 676 (1986) (same).

Lastly, the State's argument that an evidentiary hearing was required fails because the record sufficed for the district court to render the necessary findings on the basis of the interview transcripts and officer testimony at the preliminary hearing. The State's argument that further

factual findings were warranted to determine whether the detectives anticipated that Loring would give an incriminating response to their post-invocation questions fails because the bright-line rule discussed above moots such inquiry and the detective testified that they specifically sought an incriminating response. Further, no additional findings regarding Loring's fatigue during the second interview were warranted, as such matters were not material to the detective's failure to honor Loring's request for counsel. The State's reliance on *Jackson v. Denno*, 378 U.S. 368 (1964), is misplaced, as a *Jackson* hearing is warranted only where the defendant raises a voluntariness challenge to his confession, *Guynes v. State*, 92 Nev. 693, 695, 558 P.2d 626, 627 (1976), and Loring's police statements are inadmissible on different grounds.

Having considered the State's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    The Hon. Richard Scotti, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       The Law Office of Daniel M. Bunin
       Eighth District Court Clerk